15163

McDONALD *ET AL.* v. PALMETTO THEATERS *ET AL.*

(Two Cases)

(11 S. E. (2d), 444)

*Messrs. Wise & Whaley* and *W. Turner Logan, Jr.,* for petitioners,

*Messrs. T. K. McDonald* and *Harold C. Seigler,* for respondents,

November 13, 1940.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE L. D. LIDE.

On June 28, 1937, A. H. McDonald sustained an injury which it was alleged arose out of and in the course of his work for his employer, Palmetto Theaters, in the City of Columbia, and by reason thereof he received certain payments under the Workmen's Compensation Act, Act July 17, 1935, 39 St. at Large, page 1231. He died on May 5, 1938, and it is contended by his heirs-at-law that his death resulted proximately from the injury sustained by him, and that hence they are entitled to receive the death benefits provided by Section 38 of the compensation Act; while this is denied by his employer and its insurance carrier. A hearing was held on the dispute by Coleman C. Martin, Esq., a member of the South Carolina Industrial Commission, and in due course he filed his opinion and award dated August 11, 1939, wherein it was ordered that compensation be paid to the claimants above named in the sum of $18.00 per week, or $6.00 per week each, for a total of 350 weeks from May 5, 1938, less credit for certain previous payments. Thereafter and within due time an application for review was made to the commission and such review was had resulting in an opinion by the full commission to the effect that the award made by Commissioner Martin should be, and it was, reversed and the death claim denied. Subsequently an appeal was taken to the Court of Common Pleas for Richland County and in due course came on to be heard before Honorable G. Duncan Bellinger, Judge of the Fifth Circuit, who handed down his order dated June 18, 1940, to the effect that the full commission erred in setting aside the award of Commissioner Martin, for the reason that in his opinion the exceptions to the hearing commissioner's findings were too general and indefinite under the law as laid down in the case of *Ham v. Mullins Lumber Company,* 193 S. C., 66, 7 S. E. (2d), 712. Hence Judge Bellinger concluded that the full commission was without

authority to reverse the findings of the hearing commissioner or to set aside his award, and the opinion of the full commission was reversed and the award of the hearing commissioner reinstated. The employer and its insurance carrier appealed from this order of Judge Bellinger to this Court, and the appeal has been perfected and docketed, but has not yet been reached for a hearing.

Pursuant to this order of Judge Bellinger judgment was entered in the Court of Common Pleas for Richland County in favor of the claimants against the employer, Palmetto Theaters, and the insurance carrier, Employers Group. The judgment was signed and entered by the Clerk of Court August 22, 1940, and the amount specified as being then due was $2,142.00.

Thereafter, to wit, on August 31, 1940, a bond was duly entered into by the employer and its carrier with American Employers' Insurance Company, as surety, in the penal sum of $9,400.54, reciting that it was given because the employer and its carrier desired a stay of execution on the judgment aforesaid pending the hearing and determination of their appeal to the Supreme Court, agreeably to the provisions of Sections 782 and 789, Code, 1932, and the condition of the bond is that they will pay or cause to be paid to claimants the full and just sum of the judgment aforesaid, with legal interest thereon, and any and all costs and damages which may be sustained by reason of the appeal, etc., the bond being in due and legal form, and no question being made as to the sufficiency of the surety.

However, it appears that upon motion of the claimants a rule to show cause was issued by Hon. A. L. Gaston, resident Judge of the Sixth Circuit, during the absence of Judge Bellinger, but made returnable before him. This rule required the employer and its carrier to show cause why they should not be required to pay over to claimants the sums then due them under the award of the hearing commissioner reinstated by the Court of Common Pleas, in accordance with the terms and conditions of the Workmen's

Compensation Act. A return was duly made to this rule, and upon the hearing thereof on August 27, 1940, the same was taken under advisement by Judge Bellinger. Some time after the argument before him he was informed that the appeal from the order reinstating the award of the hearing commissioner had been docketed in the Supreme Court on September 11, 1940, but notwithstanding this he handed down his order dated September 30, 1940, holding that under the authority of the case of *Bannister v. Shepherd,* 191 S. C., 165, 4 S. E. (2d), 7, 10, construing Section 60 of the compensation Act, an appeal would act as a *supersedeas* for a period of thirty days only, and he therefore ordered the employer and its carrier to pay to the claimants the amount of the award, to wit, $18.00 per week from the 11th day of August, 1939, "until the final determination of the issues raised by the appeal [to the Supreme Court]".

Notice of intention to appeal to this Court from the order of Judge Bellinger just mentioned, dated September 30, 1940, was duly given; but a verified petition was submitted to Mr. Justice Stukes, upon consideration of which he issued a rule to show cause under date of October 1, 1940, requiring the claimants to show cause before this Court at the October term, 1940, why they should not be enjoined from proceeding further against the petitioners, Palmetto Theaters and Employers Group, to require them to pay to the claimants workmen's compensation benefits pending the final determination of the appeal by the South Carolina Supreme Court from the judgment awarding compensation; and that in the meantime they be so restrained; and the rule is now before this Court upon the petition and the return thereto made by the claimants.

Since the order of Judge Bellinger requiring the immediate payment of compensation, notwithstanding the appeal from the judgment of the Court providing for the same had been perfected and docketed in this Court, is expressly based upon the authority of the *Bannister case, supra,* it would perhaps be well first to consider the facts and holdings

of that case; and in this connection it will be observed that the order of the Circuit Judge in the *Bannister case* was approved by this Court (and it so happens that this order was also by Judge Bellinger), the opinion being delivered by Mr. Justice Fishburne, in which it is stated in effect that the order of Judge Grimball on the merits of the claim and the order of Judge Bellinger in reference to the payment of compensation pending appeal correctly decided the case, and that the Supreme Court was satisfied with the disposition made of the issues involved by the Circuit Court. In that case the claimant was injured on September 2, 1937, and on July 7, 1938, the full commission made an award of compensation to him. An appeal was taken to the Court of Common Pleas from this award and by order of that Court the award was affirmed on February 1, 1939. Notice of appeal from the order of the Court of Common Pleas to this Court was given, but the appeal had not been perfected, nor had the record therein been filed with the Supreme Court, when the case came before Judge Bellinger on a rule to show cause issued by Judge Stoll, dated April 4, 1939, pursuant to which Judge Bellinger held that under the express terms of Section 60 of the Workmen's Compensation Act an appeal to the Court of Common Pleas from an award by the commission operates as a *supersedeas* for thirty days only, and hence he directed the insurance carrier to pay to the claimant the amount of the award involved in the appeal until the issues "shall have been fully determined in accordance with the provisions of this Act". And there can be no doubt whatever, under the plain and explicit language of Section 60, that the claimant was entitled after the lapse of thirty days to have the award paid which had been made to him on July 7, 1938, of a weekly sum extending back to September 2, 1937, notwithstanding the appeal to the Court of Common Pleas. And after the appeal from the judgment of that Court to the Supreme Court there could also have been no stay, unless it had been granted by the presiding Judge, or unless a bond had been

given pursuant to the provisions of Section 782, Code, 1932; and no such stay was granted by the presiding Judge, nor was there any bond given, so far as the record shows. Hence the correctness of the decision in the *Bannister case,* upon its facts and circumstances, cannot be questioned. And indeed in the case at bar the petitioners make no attack thereon, but on the contrary point out some of the distinctions between that case and the case now before us.

The issues involved here must then be determined by a consideration of the terms and conditions of the Workmen's Compensation Act itself. Section 58 thereof provides that the commission, or any of its members, shall hear the parties at issue and determine the dispute, and that the award so made, if any, with a statement of the findings of fact, rulings of law, etc., shall be filed, and a copy of the award immediately sent to the parties in dispute. Such an award would become effective as the award of the commission, although the hearing may have been, and usually is, before a single commissioner only, unless application is made for a review. But it is provided in Section 59 of the Act that if the application for review is made to the commission within fourteen days from the date when notice of the award is given, the commission shall review the award, "and, if good. grounds be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award".

It is then stipulated in Section 60 that the award of the commission, as provided in Section 58, if not reviewed in due time, or an award of the commission upon such review, as provided in Section 59, shall be conclusive and binding as to all questions of fact, but that either party to the dispute may within thirty days appeal from the decision of the commission to the Court of Common Pleas "for errors of law under the same terms and conditions as govern appeals in ordinary civil actions". And we quote the remainder of this Section which is as follows: "In case of an appeal from

the decision of the Commission, on questions of law, said appeal shall operate as a supersedeas for thirty days only, and thereafter employer shall be required to make payment of the award involved in said appeal or certification until the questions at issue therein shall have been fully determined in accordance with the provisions of this Act."

It seems to us to be perfectly clear from the terms of this section that it relates solely to an appeal "from the decision of said Commission to the Court of Common Pleas" and does not refer in anywise to an appeal from that Court to the Supreme Court. Hence the *supersedeas* therein provided, which is limited to thirty days only, relates solely to an appeal to the Court of Common Pleas. And since in the case at bar there was no effective award before the appeal to the Court of Common Pleas the right to *supersedeas* specified in Section 60 has no application.

However, provision is, in our opinion, made for an appeal to the Supreme Court from a judgment of the Court of Common Pleas upon an appeal from the commission, in Section 61 of the Act, the pertinent part of which is as follows: "Any party in interest may file in the Court of Common Pleas of the county in which the injury occurred a certified copy of memorandum of agreement approved by the Commission, or of an order or decision of the Commission, or of an award of the Commission unappealed from or of an award of the Commission affirmed upon appeal; whereupon said Court shall render judgment in accordance therewith, and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same, as though said judgment had been rendered in a suit duly heard and determined by said Court." (We also find in Section 24 (b) of the Act that a mere allusion is made to an adjudication by the Supreme Court on appeal that a claim is not within the Compensation Act.)

The foregoing quotation covers all of Section 61, except two provisos at the end thereof, which are not material here. It will be observed that the language quoted says nothing, in so many words, about an appeal to the Supreme Court, but our conclusion that such an appeal is provided for is based upon the statement that the Court of Common Pleas shall render judgment and that such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though the judgment had been rendered in a suit duly heard and determined by the Court of Common Pleas. And in Section 26, Code, 1932, it is provided that the Supreme Court shall have jurisdiction to review on appeal judgments in actions commenced in the Circuit Court or removed there from any inferior Court or jurisdiction. And it is provided in Section 782 of the Code that notice of appeal from a judgment directing the payment of money shall not stay the execution of the judgment unless the presiding Judge before whom the judgment was obtained shall grant a stay of execution; and it is further provided therein that the plaintiff in such case shall not be allowed to proceed with a sale of defendant's property "if the defendant do enter into an undertaking, with good sureties, in double the appraised value of the said property, or the amount of the judgment, to pay the judgment with legal interest, and all costs and damages which the plaintiff may sustain by reason of the appeal, or produce the property levied on, and submit to the sale in case the judgment be confirmed".

And it is further provided in Section 789 that whenever the defendant executes the bond as provided in Section 782 "it shall stay all further proceedings in the Court below upon the judgment appealed from, or upon the matter embraced therein".

We are therefore of opinion that since it is admitted that a bond was given by the petitioners, with good and sufficient surety, the same operates as a stay pursuant to the terms and conditions of Sections 782 and

789 to which reference has been made. It may be observed here that the claimants themselves have recognized the significance of Section 61, for they entered up judgment in the Court of Common Pleas as hereinbefore stated. And while the petitioners make some objection to the sufficiency of the entry of this judgment, it appears to us to be in substantial compliance with the law.

It will be noted that Section 61 makes no direct reference to a case where, as here, the Court of Common Pleas reinstates the award of the hearing commissioner on the appeal; but this award would have been deemed the award of the commission, if no application had been made for the review thereof; hence its reinstatement is, we think equivalent, for the purposes of this section, to affirming an award of the commission.

Upon an examination of the authorities we find that it is held by the Courts of other jurisdictions that no appeal from a compensation commission may be had unless granted by the express terms of the compensation Act, *or by necessary implication therefrom.* 71 C. J., 1207. And it is stated in 71 C. J., 1208, that: "The only appeal available from the judgment of a Court in a compensation case is that which is provided by the compensation act." As above indicated we are of opinion that the necessary implication from the language used in Section 61, is to provide for an appeal from the judgment of the Court of Common Pleas to this Court, but that all proceedings in relation thereto after such judgment is rendered shall be the same as provided in the Code of Procedure with reference to appeals from other judgments of the Court of Common Pleas, including the *supersedeas* provisions contained in the sections to which reference has been made.

It is said in 71 C. J., 1205: "The statutes ordinarily expressly provide for a Court review of the award of the commission or industrial board, although the procedure authorized is quite dissimilar. *By some of the acts provision is made for the entry of a decree or judgment by a specified*

*Court on the award of the commission, from which decree an appeal or writ of error will lie.* By other acts provision is made for a direct review of the Commission's award, by an appellate Court. Where the compensation act provides for the review of the decisions of a compensation commission, such review may be limited by the express terms of the compensation act itself or by necessary implication; and where the Compensation Act prescribes a particular method for the review of the orders or decrees of compensation commissions, that method may be the exclusive method of review." (Italics added.)

The petitioners have argued at some length that whether the provisions of the Code, to which reference has been made, are applicable or not, this Court should in the instant case grant them a stay as a matter of grace, upon their contention that the claimants were not actually dependent upon the deceased, and that hence no hardship will result from the granting of the stay. But we do not think we would have any jurisdiction on the basis of discretion. Under Section 782 of the Code only the presiding Judge before whom the judgment was obtained may grant a stay of execution, unless a bond is given. In the *Bannister case* it was held that the legislative purpose to allow a *supersedeas* for thirty days only under the terms of Section 60 was not unreasonable, especially when the facts of that particular case were considered, and having in mind that the Workmen's Compensation Act "is a form of social legislation passed primarily for the benefit of the employee, and to prevent the burden of injured employees becoming charges upon society". But whether or not these provisions relating to appeals to the Court of Common Pleas should be further extended so as to apply to appeals from that Court to the Supreme Court is of course distinctly a matter for the legislative department.

The claimants in their return to the rule to show cause do not raise the question that the form of proceeding before us is not an appropriate one en-

titling the petitioners to relief, but do make the point in argument, earnestly contending that a stay of execution herein can be had only upon a successful appeal from Judge Bellinger's order denying the stay, dated September 30, 1940, and that the petitioners cannot use a rule to show cause to review this order of the Circuit Court, calling attention to the fact that notice of intention to appeal therefrom to this Court has been served. But it is obvious that if the petitioners must await the hearing of an appeal from this order in regular course they would probably be deprived of any substantial remedy because of the unavoidable delay incident to that procedure. Even if the point may not be considered waived by failure to raise it in the return, it seems quite clear that where a stay is sought the procedure taken must necessarily be somewhat summary in its nature; and certainly in the matter before us all parties concerned have been accorded full opportunity to present and argue their respective contentions. We can therefore conceive of no sound reason why the decision of the question involved should be delayed. See the case of *State v. Highsmith,* 103 S. C., 168, 87 S. E., 482, wherein this Court appears to have granted an emergency motion for a stay.

Moreover, we think that Rule 18 of this Court definitely indicates that after an appeal has been perfected and docketed as required by Rule 1, the jurisdiction of the Circuit Court ceases; and that this would apply, even if an undecided motion to enforce a judgment upon which argument had been made was still pending in the Circuit Court. But of course if after the jurisdiction of this Court attaches, a question arises which ought first to be submitted to the Circuit Judge, leave to do so may be granted by this Court upon motion or petition, by way of analogy to the prescribed practice in the matter of motions for new trials upon after-discovered evidence.

It therefore appears that the claimants here, to wit, Mattie McDonald, Mrs. J. W. Humphries and Mrs. Maggie McDonald Wright, heirs of A. H. McDonald, deceased,

should be enjoined from proceeding further against the petitioners, Palmetto Theaters and Employers Group, to require them to pay to the claimants workmen's compensation benefits pending the final determination of the appeal to this Court from the order of Judge Bellinger dated June 18, 1940, reinstating the award of the hearing commissioner in favor of claimants, judgment having been entered thereon as aforesaid.

And it is so ordered.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.