16997

MRS. BLANCHE W. BAGWELL, Respondent, v. ERNEST
BURWELL, INC., Employer and LIBERTY MUTUAL
INSURANCE COMPANY, Insurance Carrier,
Appellants

(87 S. E. (2d) 583)

Messrs. *Butler & Chapman*, of Spartanburg, *for Appellants*,

Messrs. *Whiteside & Smith*, of Spartanburg, and *Leatherwood, Walker, Todd & Mann*, of Greenville, *for Respondent*,

May 9, 1955.

TAYLOR, Justice.

This appeal is from an Order of the Circuit Court ordering Appellants to bring up to date weekly payments due under an award of the South Carolina Industrial Commission

within the provisions of the South Carolina Workmen's Compensation Act, Code 1952, § 72-1 *et seq.*

On October 12, 1952, one Howard Alton Bagwell died as a result of an injury suffered while employed by appellant, Ernest Burwell, Inc., and claim was filed by his dependent mother for benefits under the Workmen's Compensation Act. Liability was denied and a hearing held on May 8, 1953, before the Single Commissioner, resulting in an opinion and award denying compensation. Claimant thereafter applied to the Full Commission for a review, who, by a majority vote, issued its opinion and award reversing the hearing Commissioner, holding the case compensable and ordering Appellants to pay to Mrs. Blanche W. Bagwell, the sum of $25.00 per week from the date of death, October 12, 1952, for a period of 350 weeks, total payments not to exceed $7,800.00, and also the payment of $200.00 funeral expense, and all medical and hospital bills. Notice and grounds of appeal to the Court of Common Pleas were duly served on July 17, 1954, and argued on September 1, 1954, before the resident Judge of the Seventh Judicial Circuit, who took the matter under advisement. Respondent's attorneys agreed to extend the thirty days for which an appeal shall act as a supersedeas under Section 72-356 of the 1952 Code of Laws for South Carolina to sixty days. Thereafter, on September 27, 1954, motion was made before the Honorable E. H. Henderson, presiding Judge of the Seventh Judicial Circuit for an Order requiring appellants to comply with the provisions of the award. Judge Henderson issued his Order of the same date ordering appellants to pay all accrued compensation under the Industrial Commission's award from the date of death to the date of said Order.

Appellants shortly thereafter served notice of intention to appeal and applied to a member of this Court on September 30, for an Order superseding the Order of Judge Henderson, resulting in an Order of the same date superseding the Order of Judge Henderson and requiring respondent to show cause before the Supreme Court on October 13, 1954, why

the Order of Judge Henderson should not be superseded and stayed pending a decision by this Court of the appeal from Judge Henderson's Order. The Order also provided for the filing of a bond by appellant in the amount of $5,000-.00 with corporate surety. The rule to show cause was heard by this Court on October 14, 1954, and an Order staying and superseding the Order of Judge Henderson pending the hearing and final decision by this Court on the appeal from Judge Henderson's Order was issued.

There are a number of exceptions listed but this appeal will be decided upon determining the question of whether or not Judge Henderson committed error in requiring appellants to bring up to date the weekly payments set forth in the award of the Industrial Commission.

Section 72-356 of the 1952 Code of Laws for South Carolina appears in part as follows:

"* * * In case of an appeal from the decision of the Commission on questions of law, such appeal shall operate as a supersedeas for thirty days only and thereafter the employer shall be required to make payment of the *award* involved in the appeal or certification until the questions at issue therein shall have been fully determined in accordance with the provisions of this Title." (Emphasis ours.)

This question has been before this Court on three different occasions in one form or another, *Bannister v. Shepherd,* 191 S. C. 165, 4 S. E. (2d) 7; *McDonald v. Palmetto Theaters,* 196 S. C. 38, 11 S. E. (2d) 444; and in the more recent case which resulted in a 2-2 decision by this Court, *Miller v. Springs Cotton Mills,* 225 S. C. 326, 82 S. E. (2d) 458. The question was discussed but the Order under appeal did not construe Section 72-356 of the 1952 Code or pass upon its effect in that case. Therefore, the Opinions while interesting in that they discuss the issue at hand cannot be considered as authority either way.

At the outset it might be stated that the Workmen's Compensation Act is a form of social legislation wherein and

whereby the employer and employee surrender benefits previously enjoyed under the common law in exchange for other benefits provided under the Act. Both employers and employees assume their obligations under the Act as written. and it is to be presumed that the Legislature in passing the Act was aware of the import of its language. In discussing this Section of the Act in *McDonald v. Palmetto Theaters, supra* [196 S. C. 38, 11 S. E. (2d) 446], this Court used the following language:

"And there can be no doubt whatever, under the plain and explicit language of Section 60, that the claimant was entitled after the lapse of thirty days to have the award paid which had been made to him on July 7, 1938, of a weekly sum extending back to September 2, 1937, notwithstanding the appeal to the Court of Common Pleas."

And in *Bannister v. Shepherd, supra* [191 S. C. 165, 4 S. E. (2d) 11], the following language is used:

"The Legislature has in clear and convincing language provided that an appeal shall only act as a supersedeas for a period of thirty days, whether or not this was a wise decision on the part of the General Assembly, it is not the province of this Court to say. This Court can only carry out the intention of the Legislature as expressed in the Act. * * * so it is apparent that the legislative purpose was to allow a supersedeas for only thirty days, which was neither unreasonable nor unconstitutional, * * * It must also be borne in mind that the Workmen's Compensation Act is a form of social legislation passed primarily for the benefit of the employee, and to prevent the burden of injured employees becoming charges upon society. * * *

"The defendant takes the position that if it be required to make the payments provided for in the award and the Supreme Court should ultimately reverse the Order and judgment of this Court and set aside the award that it would have no way of recovering the payments finally determined not to be due and owing by it, and therefore if Section 60, *supra,* be so construed as to require the payments of such award

during the pendency of its appeal that said Section would deprive it of the equal protection of law, and would therefore be unconstitutional. * * *

"Upon consideration of Defendant's first ground of objection, at first glance it does seem unfair to require the payment of the award during the pendency of an appeal, especially so, when there is no way prescribed for its recovery in the event the award should be set aside."

The Court in both the *McDonald* and *Bannister cases, supra,* ordered the payments brought up to date. The Legislature in its wisdom could have allowed no supersedeas at all or provided for one until all questions were concluded and final *judgment* entered. It saw fit, however, to provide a period of thirty days only. The subject therefore was not overlooked, and there are no qualifications. If the legislative intent and language is clear and unambiguous, there is nothing for this Court to construe, 82 C. J. S., Statutes, § 311, page 526. Once an award of the Industrial Commission is issued in favor of the claimant, thirty days thereafter the employee becomes a privileged suiter and occupies a position similar to that of a wife suing for alimony and attorney's fees. See *Jeffords v. Jeffords,* 216 S. C. 451, 58 S. E. (2d) 731, and long line of decisions adopting the same reasoning. A wife may receive temporary alimony and attorney's fees even though she may eventually fail in her efforts to obtain permanent alimony and attorney's fees upon trial of the case on its merits. So it is not without precedent, even under the common law, for one to receive temporary benefits and later lose the case on its merits. In like fashion, one may receive temporary benefits under the Workmen's Compensation Act even though he may eventually lose his case on its merits.

The Order under attack in this appeal requires appellants to pay respondent all weekly payments accrued prior to the date of the hearing and resulting Order of the same date, September 27, 1954. A close scrutiny of the language of the Act is revealing in that the requirement

to make payment refers to the *award* not *judgment,* and the use of the word *until* connotes *when* or the *time when* the question is fully determined. If it was the intention of the Legislature that such payment was to be only after final judgment was entered, it could have said so, and there would have been no occasion for the use of the following language:

"* * * and thereafter the employer shall be required to make payment of the *award* involved in the appeal or certification *until* the questions at issue therein shall have been fully determined * * *"

The Legislature in our opinion intended that the weekly payments ordered in the award are to be made until the question at issue is fully determined upon appeal and this Court should not in effect nullify a clear and plain mandate of the statute.

After thirty days from the time of the Commission's award (the time was extended by agreement of counsel to sixty days in this case), the claimant was entitled to have the temporary total disability payments brought up to date. It should not have been necessary to rule the employer and the insurance carrier to show cause, for one of the purposes of the Act is to avoid litigation rather than to encourage it.

Doubtlessly, the thirty day provision is a signal from the Legislature to the litigants, to the Industrial Commission, and to the lower Court to proceed with dispatch in order that the employee may receive prompt compensation and not be a charge on the public. The number of cases appealed to the Circuit Court and not heard within thirty days must be relatively small, and experience will show that of such cases most are affirmed. The benefits to the great number of injured employees obscures the possibility that in an extraordinary situation some employee might gain undeserved benefits as a result of a ruling later made by the Circuit Court reversing the Commission. If the payments are not made in compliance with the statute, the worker will suffer; and if made and the award later reversed, the employer and its

carrier will suffer. Therefore, there is no perfect solution, but it can be reasonably assumed that the insurance carrier took under consideration this provision of the Act at the time of determining the employer's premium rate.

Since the Order appealed from ordered payment only of the weekly amounts set forth in the award, this Opinion is necessarily limited to such payments and is not to be considered as an intimation of any opinion on the part of this Court relative to lump sum payments.

We are of the opinion that all exceptions should be dismissed, the Order appealed from affirmed, and the stay Order issued by this Court on October 14, be revoked; and it is so ordered.

LEGGE, J., and J. WOODROW LEWIS, Acting Associate Justice, concur.

STUKES and OXNER, JJ., concur in result.

STUKES, Justice (concurring in result).

I concur in the result of the opinion of Mr. Justice Taylor although it is in conflict with the prevailing opinion in *Miller v. Springs Cotton Mills,* 225 S. C. 326, 82 S. E. (2d) 458, in which I joined. The award of compensation in the case in hand was reversed by the circuit court subsequently to the rendition of the order with which the instant appeal is concerned, and appeal is pending from the judgment reversing the award. Therefore, financial hardship may ensue to the employer and the insurance carrier, but I have concluded that a fair construction of the statute as written admits of that result.

OXNER, J., concurs.