508 S.E.2d 43

**Willie YOUMANS, Claimant, Appellant,**

v.

**COASTAL PETROLEUM CO., Employer, and South Carolina Petroleum Marketers Association, Carrier, Respondents.**

No. 2893.

Court of Appeals of South Carolina.

Heard Oct. 6, 1998.

Decided Oct. 26, 1998.

Steven E. Goldberg, of The Steinberg Law Firm, of Charleston, for appellant.

John W. Rabb, Jr., of Savage, Royall & Sheheen, of Camden, for respondent.

GOOLSBY, Judge:

Willie Youmans appeals a circuit court order barring him under S.C.Code Ann. § 42–9–60 (1985) from recovering workers' compensation benefits. We reverse and remand.

## BACKGROUND

On April 9, 1996, while working as a clerk at the Georgetown Anglers Minimart, Youmans had an altercation with his supervisor, Glen Parsons. Youmans sustained injuries as a

result of the altercation and filed a claim for benefits under the South Carolina Workers' Compensation Act.

The single commissioner ruled section 42–9–60 barred Youmans from benefits because "any injury he sustained occurred while in the commission of an assault by him on a co-employee with the willful intent to injure or kill the co-employee in a serious and aggravated manner."

On appeal, the commission reversed and awarded Youmans benefits, finding the altercation resulted from Youmans's spontaneous reaction to a racial slur by Parsons. Citing *Kinsey v. Champion Am. Serv. Ctr.*, 268 S.C. 177, 232 S.E.2d 720 (1977), the commission concluded section 42–9–60 did not bar recovery because Youmans reacted spontaneously and without premeditation.

The circuit court reversed the commission and ruled Youmans was barred from recovery by section 42–9–60 because he "committed a one-sided brutal physical assault against his supervisor, which did not occur spontaneously, but rather occurred with a clear willful intention to injure."

## ISSUE ON APPEAL

Did the circuit court err in ruling that Youmans was barred from receiving workers' compensation benefits under section 42–9–60?

## STANDARD OF REVIEW

■ The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission. *Lark v. Bi–Lo, Inc.*, 276 S.C. 130, 276 S.E.2d 304 (1981). We may not substitute our judgment for that of the commission as to the weight of the evidence on questions of fact, but may reverse if the decision is affected by an error of law. *Lester v. South Carolina Workers' Compensation Comm'n*, 328 S.C. 535, 493 S.E.2d 103 (Ct.App.1997). A reviewing court should affirm a decision by the commission unless it is clearly erroneous in view of the substantial evidence on the whole record. *Lark*, 276 S.C. at 136, 276 S.E.2d at 307. Substantial evidence is evidence that, in viewing the record as a whole, would allow reasonable

minds to reach the same conclusion that the commission reached. *Miller v. State Roofing Co.*, 312 S.C. 452, 441 S.E.2d 323 (1994).

## DISCUSSION

■■■ Generally, neither the fault of the employer nor that of the employee is a critical factor in determining whether an employee is entitled to workers' compensation benefits. *Kinsey*, 268 S.C. at 180, 232 S.E.2d at 721; *Zeigler v. South Carolina Law Enforcement Div.*, 250 S.C. 326, 157 S.E.2d 598 (1967); *Reeves v. Carolina Foundry & Mach. Works*, 194 S.C. 403, 9 S.E.2d 919 (1940). S.C.Code Ann. § 42–9–60 (1985) provides for an exception to this general rule and denies compensation if an employee's injury is caused by the "wilful intention of the employee to injure or kill himself or another." The statute operates as a defense to the employee's recovery and the burden of proof rests on the party asserting it. *Zeigler*, 250 S.C. at 329, 157 S.E.2d at 599.

■■■ Whether an employee acted with willful intent to injure is a question of fact for the commission to determine. *Zeigler*, 250 S.C. at 329, 157 S.E.2d at 599. The term "willful intention" is defined as a deliberate or formed intention. *Reeves*, 194 S.C. at 409, 9 S.E.2d at 921. In determining whether an employee acted with willful intent to injure, the deciding factor is not necessarily who was the aggressor or struck the first blow. *Kinsey*, 268 S.C. at 181, 232 S.E.2d at 721. Rather, the defense is applicable only when "the acts of the employee are so serious and aggravated as to evince a wilful intent to injure." *Zeigler*, 250 S.C. at 329, 157 S.E.2d at 599. The defense is not available if the altercation is "spontaneous, impulsive, instinctive or otherwise lacking a deliberate or formed intention to do injury." *Kinsey*, 268 S.C. at 181, 232 S.E.2d at 722.

■■■ Youmans testified as follows: he and Parsons had a work-related disagreement, and Parsons ordered him to "get [his] ass in the office." Once inside the office, Parsons closed and locked the office door, threw a book down, and uttered a racial slur.[1] When Youmans confronted Parsons about the

---

1. Youmans testified. Parsons said, "I'm sick and tired of you, nig." Youmans then asked Parsons, "Are you calling me a nigger?"

offensive remark, Parsons pushed him, causing him to fall over some boxes. He and Parsons then "got into a spontaneous fight." Parsons pushed Youmans again, and Youmans struck back. Although Youmans delivered all the subsequent blows in the altercation, he acted in self defense. The fight ended when Parsons opened the door to the office and called for help. Youmans was not looking for a fight and did not believe Parsons was either, but "instinct took over."

Parsons offered a conflicting account of the facts, characterizing the incident as an assault rather than a fight. According to Parsons, Youmans became emotional when Parsons gave him a verbal warning about his conduct at work. Parsons then asked Youmans to step into the back office to discuss the matter privately. Parsons denied telling Youmans to "get his ass in the office" and using a racial slur. Parsons testified that when they entered the office, Youmans lost control, grabbed him, and slung him into the wall four or five times, bashing his head into the wall each time. Parsons further stated he pushed Youmans in self defense after Youmans tried to throw him, causing Youmans to fall. Youmans, according to Parsons, then grabbed Parsons and slung him into a metal door three or four times. Parsons said he eventually broke loose and ran for the door; however, as he attempted to call for help, Youmans covered his mouth to prevent him from yelling. Parsons further testified Youmans threatened to kill him during the altercation.

Based on the above conflicting testimony, we find the circuit court improperly substituted its own view of the evidence for that of the commission. Youmans's testimony of how the altercation occurred provides substantial evidence to support the commission's findings of fact. The commission could have reasonably concluded Youmans reacted spontaneously and without a willful intent to injure when Parsons directed a racial slur at him.[2] Section 42–9–60, therefore, does not bar

---

**2.** *Cf. Moore v. Travelers Ins. Co.,* 143 So.2d 256 (La.Ct.App.1962) (holding the claimant could not recover because, in calling another employee a derogatory name, he deliberately provoked the other employee into starting the altercation in which he was injured. The court further opined the fellow employee would have been entitled to workers' compensation benefits had he been injured because his actions

Youmans from recovering workers' compensation benefits. We therefore reverse the order of the circuit court and remand this matter to the commission for reinstatement of Youmans's benefits.

**REVERSED AND REMANDED.**

HUFF and HOWARD, JJ., concur.

were spontaneous and impulsive as a result of the claimant's provocation.).