535 S.E.2d 445

**Sherry BROWN, Employee, Appellant,**

v.

**BI–LO, INC., Employer and Self–Insurer, Respondent.**

**No. 3215.**

Court of Appeals of South Carolina.

Heard June 8, 2000.

Decided July 10, 2000.

Rehearing Denied Sept. 9, 2000.

612

Donald R. Moorhead, of Greenville, for appellant.

Jeffrey S. Jones, of Haynsworth, Marion, McKay & Guerard, of Greenville, for respondent.

Amicus Curiae: Samuel F. Painter, of Nexsen, Pruet, Jacobs & Pollard, of Columbia, for South Carolina Self–Insurers Association; Jeffrey D. Ezell, and Michelle DeLuca O'Connor, both of Gibbes, Gallivan, White & Boyd, of Greenville, for SC Defense Trial Attorneys' Association; Alford Haselden, of Haselden, Owen & Boloyan, of Clover; and Desa Ballard, of West Columbia, both for SC Trial Lawyers Association.

GOOLSBY, Judge:

In this workers' compensation action, Sherry Brown appeals a circuit court order affirming an order of the full commission that required her counsel to cease and desist from obstructing contact between her employer's representatives and her treating physician. We affirm.

## FACTS

Brown sustained an injury resulting in a hernia while working for Bi–Lo, Inc. (Employer) in June 1994. Employer provided Brown with medical treatment for the injury, which included hernia surgery. The surgery caused some complications and led to neuropathy of her right lower extremity.

Brown subsequently moved to Pennsylvania, and Employer agreed to continue providing treatment after her move. In 1997, a question arose regarding whether Brown's ongoing treatment, including medical treatment Brown sought for alleged subsequent falls, was related to the work injury. In response, Brown filed a Form 50 requesting a hearing to obtain medical treatment for injuries relating to these falls.

Employer hired a rehabilitation nurse, Judith Foriska, to contact Brown's treating physicians regarding the nature of her condition and the cause of her falls. Subsequently, Brown's counsel wrote a letter to Foriska warning her not to discuss Brown's condition with treating physicians and threatening legal action if she did not comply. Brown's counsel also wrote similar letters to Brown's treating physicians advising them not to engage in ex parte communications with Employer or Employer's workers' compensation carrier (Carrier) or their representatives. As a result of these letters, one of Brown's treating physicians, Dr. Brian Boyle, indicated that he would not respond to any of Employer's or Carrier's representatives.

## STANDARD OF REVIEW

The Administrative Procedures Act establishes the standard of review for decisions by the South Carolina Workers' Compensation Commission.[1] We may not substitute our judgment for that of the commission as to the weight of the evidence on questions of fact, but may reverse if the decision is affected by an error of law.[2] We may reverse or modify a decision if the findings and conclusions of the agency are affected by error of law, clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.[3]

## LAW/ANALYSIS

Brown argues the circuit court erred in requiring her counsel to cease and desist from obstructing contact between Employer's or Carrier's representatives and her treating physicians. We disagree.

The South Carolina workers' compensation statutes and regulations compel a physician to provide employers with

---

1. *Lark v. Bi–Lo, Inc.,* 276 S.C. 130, 276 S.E.2d 304 (1981).

2. *Youmans v. Coastal Petroleum Co.,* 333 S.C. 195, 508 S.E.2d 43 (Ct.App.1998).

3. S.C.Code Ann. § 1–23–380(6) (Supp.1999).

all medical information and facts relevant to the claim communicated to them by an employee during treatment. South Carolina Code section 42–15–80 provides in relevant part:

No fact communicated to or otherwise learned by any physician or surgeon who may have attended or examined the employee, or who may have been present at any examination, shall be privileged, either in hearings provided for by this Title or any action at law brought to recover damages against any employer who may have accepted the compensation provisions of this Title.[4]

Furthermore, section 42–15–95 states:

All existing information compiled by a health care facility, as defined in Section 44–7–130, or a health care provider licensed pursuant to Title 40 pertaining directly to a workers' compensation claim must be provided to the insurance carrier, the employer, the employee, their attorneys, or the South Carolina Workers' Compensation Commission, within fourteen days after receipt of written request.[5]

Additionally, South Carolina Code Regulation 67–1301(A) requires "[a] medical practitioner or treatment facility ... [to] furnish upon request all medical information relevant to the employee's complaint of injury to the claimant, the employer, the employer's representative, or the Commission."[6]

In support of her argument that ex parte communications between a claimant's employer or its representatives and a claimant's physician should be prohibited, Brown relies upon *South Carolina State Board of Medical Examiners v. Hedgepath*[7] and *McCormick v. England*.[8] Both of these cases recognize the existence of a physician's duty of confidentiality and hold that a physician violates this duty by revealing patient confidences when the revelation was neither compelled

---

**4.** *Id.* § 42–15–80 (1976).

**5.** *Id.* § 42–15–95 (Supp.1999).

**6.** 25A S.C.Code Ann.Regs. 67–1301(A) (Supp.1999).

**7.** 325 S.C. 166, 480 S.E.2d 724 (1997).

**8.** 328 S.C. 627, 494 S.E.2d 431 (Ct.App.1997).

by law (*i.e.*, subpoena or statute) nor consented to by the patient.[9]

*Hedgepath* and *McCormick*, however, involved physicians revealing confidences in divorce proceedings. Such a rule has not been applied in workers' compensation cases.

In the case at bar, Brown has not consented to the disclosure of her medical information; therefore, access to information from her treating physicians can only be obtained if it is compelled by law. Section 42–15–95 and Regulation 67–1301(A)[10] both compel treating physicians to reveal all the claimant's medical information relevant to the claim upon request by the claimant's employer, the employer's representative, or the commission.

■ We hold a physician does not breach his or her duty of confidentiality by providing medical information relevant to an employee's claim to an employer or its representative in workers' compensation cases because the law compels a physician to do so.

■ Furthermore, we find no reason to ban ex parte communications between an employer or its representatives and a physician in light of the policies underlying the Workers' Compensation Act.[11] "[T]he Act is a form of social legislation

---

9. *Hedgepath*, 325 S.C. at 169, 480 S.E.2d at 726; *McCormick*, 328 S.C. at 635, 494 S.E.2d at 435.

10. Pursuant to the Administrative Procedures Act, agencies must submit regulations to the General Assembly for review. S.C.Code Ann. § 1–23–120(A) (Supp.1999). If a standing committee takes no action on the regulation within sixty days, it is placed on the agenda of the full commission. *Id.* § 1–23–120(C). If no further action is taken on the regulation within one hundred twenty days, it becomes effective upon publication in the State Register. *Id.* § 1–23–120(D). The South Carolina Workers' Compensation Regulations became effective September 2, 1990. Regulation 67–1301 was published as amended in the State Register Volume 17, Issue No. 4, effective April 23, 1993, and was again published as amended in State Register Volume 21, Issue No. 6, Part 2, effective June 27, 1997.

11. Although there is a split of authority among jurisdictions addressing the issue, we find persuasive the body of case law that furthers expediency and self-execution of workers' compensation claims. *See generally, Ex parte Smitherman Bros. Trucking, Inc.*, 751 So.2d 1232, 1236–37 (Ala.1999) (holding the applicable workers' compensation statute did

wherein and whereby the employer and employee surrender benefits previously enjoyed under the common law in exchange for other benefits provided under the Act." [12]   One such benefit is an employee's swift and sure compensation. [13]

not prohibit all oral communications between a medical case manager and a medical-care provider because the employer, through its case manager, had the right to oversee and manage the employee's medical care "in the most cost effective manner without compromising quality of care"); *Christensen v. NCH, Corp.*, 956 P.2d 468, 475 n. 8 (Alaska 1998) (citing *Kruesi v. Norm Aubuchon, Inc.*, AWCB Case No. 9023828 (June 23, 1992) as applying in the workers' compensation arena the rule that informal ex parte conferences between the carrier and the plaintiff's physician are permissible); *Pierre v. Handi Van, Inc.*, 717 So.2d 1115, 1116–17 (Fla.Dist.Ct.App.1998) (explaining that the legislature intended for records and opinions of physicians to be freely available to employers and carriers, and that claimants no longer enjoy the right to be present during discussions between doctors and employers or carriers because this "furthers the self-executing nature of the compensation system" by ensuring the employers and carriers "ready access to medical information involving the claimant"); *Morrison v. Century Eng'g*, 434 N.W.2d 874, 876–77 (Iowa 1989) (holding the rule that plaintiffs do not waive their physician-patient privilege by filing a personal injury action inapplicable in workers' compensation proceedings because "[i]nformality is in everyone's interest" as liability is seldom in dispute and the system is designed to be nonadversarial); *Booth v. Tektronix, Inc.*, 312 Or. 463, 823 P.2d 402, 409 n. 12 (1991) (explaining that the workers' compensation system was created to "streamline the process by which injured workers could be paid for compensable injuries" and declining to preclude employer-physician communication when the legislature did not expressly undertake to do so); *Sowards v. Hills Materials Co.*, 521 N.W.2d 649, 652–53 (S.D.1994) (holding the filing of a workers' compensation claim waives the physician-patient privilege because "[t]he whole idea is to get away from the cumbersome procedures ... and to reach a right decision by the shortest and quickest possible route.  This informality not only prevents the defeat of claims by technicalities, but simplifies and expedites the achievement of substantially just results.") (internal citations omitted); *cf. Hortman v. Louisiana Steel Works*, 696 So.2d 625 (Ct.App.), *cert. denied*, 703 So.2d 1268 (La.1997) (holding an employee who filed a workers' compensation claim in which he alleged numerous injuries waived his health care provider-patient privilege).

12. *Bagwell v. Ernest Burwell, Inc.*, 227 S.C. 168, 171–72, 87 S.E.2d 583, 584 (1955).

13. *See Peay v. U.S. Silica Co.*, 313 S.C. 91, 94, 437 S.E.2d 64, 65 (1993) ("Workers' compensation laws were intended by the Legislature to relieve workers of the uncertainties of a trial for damages by providing sure, swift recovery for workplace injuries regardless of fault."); *Parker v. Williams & Madjanik, Inc.*, 275 S.C. 65, 70, 267 S.E.2d 524, 526

To ensure swift compensation, employers and their representatives must investigate claims immediately to provide medical and disability benefits in a timely manner. In doing so, employers cannot be prohibited from contacting treating physicians directly to determine issues such as diagnosis, damages, and impairment. Requiring employers to use formal discovery methods such as depositions, motions, and interrogatories would significantly delay the process and increase the costs of coverage.

Moreover, as Employer noted at oral argument, allowing employers and their representatives the opportunity to interview physicians outside the presence of the employee merely provides employers and their representatives the same access to medical evidence as the employee.[14]

**AFFIRMED.**

CURETON, J. concurs.

MOREHEAD, Acting J., concurs in a separate opinion.

MOREHEAD, Acting Judge (concurring):

I concur with the majority's opinion. However, I am concerned by the potential for abuse in allowing ex parte communications under these circumstances. Nevertheless, I feel these potential abuses will have to be addressed by the South Carolina Legislature through statutory amendments or by the Workers' Compensation Commission through regulations.

---

(1980) ("The employee receives the right to swift and sure compensation; the employer receives immunity from tort actions by the employee.").

14. *See Felder v. Wyman*, 139 F.R.D. 85, 88 (D.S.C.1991) (noting South Carolina does not recognize a physician-patient privilege and stating, "Absent a privilege no party is entitled to restrict an opponent's access to a witness ..."); *Doe v. Eli Lilly & Co.*, 99 F.R.D. 126, 128 (D.D.C. 1983) ("[N]o party to litigation has anything resembling a proprietary right to any witness's evidence. Absent a privilege no party is entitled to restrict an opponent's access to a witness....").