577 S.E.2d 222

**Billy RISINGER, Respondent,**

v.

**KNIGHT TEXTILES, Appellant.**

**No. 3574.**

Court of Appeals of South Carolina.

Submitted Nov. 4, 2002.

Decided Dec. 9, 2002.

Rehearing Denied Feb. 26, 2003.

70

Darryl D. Smalls, of Columbia, for appellant.

S. Kirkpatrick Morgan, Jr., of Lexington, for respondent.

HEARN, C.J.:

Knight Textiles appeals an order of the circuit court requiring it to provide certain medical treatment recommended by Billy Risinger's physician for work-related injuries. Knight argues the commission erred in finding that S.C.Code Ann. § 42–15–80 does not allow an employer to request an independent medical examination of an injured employee when a final

order of the commission has been issued and the employer is paying benefits pursuant to the final order. We affirm.[1]

## FACTS

Risinger sustained a severe injury to his lower back and spine when he slipped and fell off a dock area and landed on a metal ramp while working for Knight. Risinger was referred to Dr. Talley Parrott, an orthopedic surgeon, in January 1998 for treatment. Dr. Parrott recommended surgical intervention for Risinger's right radicular pain and right disc herniation. Knight, however, requested a second opinion from a neurosurgeon, Dr. Franklin Epstein. Dr. Epstein opined that Risinger's pain was "incapacitating" and recommended a disc excision "in association with an interbody fusion." Dr. Epstein performed surgery in April 1998.

In August 1999, the single commissioner determined that Risinger was totally and permanently disabled. The commissioner's order required that Knight be "financially responsible for ... lifetime medical benefits for [Risinger's] compensable injury components per South Carolina Code Ann. § 42–15–60." At the time the order was issued, Dr. Epstein was Risinger's authorized treating physician. Subsequent to the order, Dr. Epstein prescribed certain medications and referred Risinger to Dr. David Steiner for chronic pain and depression. Knight, however, refused to provide the medical treatment as recommended by Dr. Epstein and Dr. Steiner.

In February 2000, Risinger filed a Form 50 requesting payment for the additional medical treatment. Knight filed a Form 51 denying the additional treatment and requesting an independent medical evaluation. The single commissioner found Knight was financially responsible for the medical treatment recommended by Dr. Epstein and Dr. Steiner. The commissioner also found S.C.Code Ann. § 42–15–80 inapplicable when a final order of the commission has been issued and the carrier is paying benefits pursuant to that order. The full commission affirmed the single commissioner. Knight then appealed to the circuit court, which affirmed the full commission.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

**STANDARD OF REVIEW**

"Judicial review of a Workers' Compensation decision is governed by the substantial evidence rule of the Administrative Procedures Act." *Lake v. Reeder Constr. Co.*, 330 S.C. 242, 246, 498 S.E.2d 650, 653 (Ct.App.1998) (citing *Wilson v. Georgetown County,* 316 S.C. 92, 447 S.E.2d 841 (1994)). "We may not substitute our judgment for that of the commission as to the weight of the evidence on questions of fact, but may reverse if the decision is affected by an error of law." *Brown v. Bi–Lo, Inc.,* 341 S.C. 611, 614, 535 S.E.2d 445, 447 (Ct.App.2000) (*cert. granted* May 23, 2001) (citation omitted). "We may reverse or modify a decision if the findings and conclusions of the agency are affected by error of law, clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, or arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." *Id.* (citation omitted).

**DISCUSSION**

Knight first contends the circuit court erred in finding that it was not entitled to an independent medical evaluation of Risinger. Specifically, Knight argues that the circuit court and the workers' compensation commission erred in finding that S.C.Code Ann. § 42–15–80 [2] does not provide for an independent medical evaluation when a final order has been issued and the employer/carrier is paying benefits pursuant to a final order of the commission. We disagree.

In this case, the workers' compensation commission affirmed the single commissioner's finding that section 42–15–80 does not apply when a final order has been issued and the carrier is paying benefits pursuant to a final order. In this state, "[t]he construction of a statute by the agency charged

---

**2.** Section 42–15–80 states, in pertinent part, as follows:

After an injury and so long as he claims compensation, the employee, if so requested by his employer or ordered by the Commission, shall submit himself to examination, at reasonable times and places, by a duly qualified physician or surgeon designated and paid by the employer or the Commission. The employee shall have the right to have present at such examination any duly qualified physician or surgeon provided and paid by him.

S.C.Code Ann. § 42–15–80 (1985).

with its administration should be accorded great deference and will not be overruled without a compelling reason." *Vulcan Materials Co. v. Greenville County Bd. of Zoning Appeals*, 342 S.C. 480, 496, 536 S.E.2d 892, 900 (Ct.App.2000) (citations omitted). We do not find that this case presents a compelling reason to ignore the commission's interpretation of the statute. Moreover, Knight chose Dr. Epstein to provide a second opinion concerning Risinger's condition. Knight now refuses to pay for Dr. Epstein's treatment and referral treatment arguing it is entitled to yet another "second" opinion. Because we believe Knight has already received the very relief it seeks, *i.e.*, a second opinion regarding Risinger's treatment, we find no merit to the argument that it is entitled to what would effectively be a third opinion.

Finally, we believe Knight's interpretation of section 42–15–80 would lead to an absurd result. *See Broadhurst v. City of Myrtle Beach Election Comm'n*, 342 S.C. 373, 380, 537 S.E.2d 543, 546 (2000) ("[H]owever plain the ordinary meaning of the words used in a statute may be, the courts will reject that meaning when to accept it would lead to a result so plainly absurd that it could not possibly have been intended by the Legislature or would defeat the plain legislative intention.") (citation omitted). Under Knight's interpretation of the statute, the employer/carrier would be able to continue to seek a new doctor's opinion each time it did not like the opinion of the claimant's doctor. This would allow the employer/carrier to "shop around" indefinitely until it found a favorable opinion, often sacrificing much needed treatment. We do not believe this result was intended by the legislature. *See id.*

Knight also argues the circuit court erred in finding it was no longer entitled to control Risinger's medical treatment pursuant to S.C.Code Ann. § 42–15–60 (1985). We disagree.

Knight argues that S.C.Code Ann. § 42–15–60 obligates Risinger to accept treatment from a treating physician of its choice. Section 42–15–60 states in part:

In cases in which total and permanent disability results, reasonable and necessary nursing services, medicines, prosthetic devices, sick travel, medical, hospital and other treatment or care shall be paid during the life of the injured

employee, without regard to any limitation in this title including the maximum compensation limit.

S.C.Code Ann. § 42–15–60 (1985).

◼ Initially, we note that Dr. Epstein's first examination of Risinger was an independent evaluation performed at Knight's request. Because Risinger is receiving treatment from the physician chosen by Knight; this argument is without merit. Furthermore, the language of S.C.Code Ann. § 42–15–60 does not allow an employer to dictate the medical treatment of injured employees. Our reading of the statute reveals that it requires only that the employer/carrier pay for treatment during the life of the injured employee.

Accordingly, based on the foregoing reasons, the decision of the circuit court is

**AFFIRMED.**

CURETON and ANDERSON, JJ., concur.