658 S.E.2d 112

**Joan McKINNEY, Appellant,**

v.

**KIMBERLY CLARK CORPORATION, Respondent.**

No. 4348.

Court of Appeals of South Carolina.

Heard Dec. 11, 2007.

Decided Feb. 25, 2008.

E. Ross Huff, Jr., Huff Law Firm, for Appellant.

Clarke W. McCants, of Beaufort, for Respondent.

HEARN, C.J.

Joan McKinney appeals the circuit court's determination that she is not entitled to choose her treating physician. We affirm.

## FACTS

McKinney worked for Kimberly Clark Corporation for 28 years. In April of 2003, she brought a worker's compensation claim requesting temporary total disability benefits, permanent total disability benefits, payment for medical examinations and payment for treatments to her neck, back, both shoulders/arms, legs, and psyche. McKinney alleged these injuries occurred while she was driving a forklift, and the psychological injuries occurred because she suffered severe depression regarding her pain and lack of mobility.

The single commissioner found McKinney was entitled to medical treatment and that the defendants were responsible for all past, present and continuing medical treatment. The commissioner also ordered Kimberly Clark to pay for causally related medical treatment and ordered it to select a treating physician for McKinney. Thereafter, McKinney requested appellate panel review of the single commissioner's determina-

tion that Kimberly Clark should be allowed to select a treating physician. McKinney contended that Toby Warren, a chiropractor, should be designated as the authorized treating physician. During the pendency of this matter, Warren presented to Kimberly Clark a bill for chiropractic services in excess of $48,000.00.

After a hearing before the appellate panel, the single commissioner's decision was affirmed in its entirety. Thereafter, McKinney filed a Petition for Judicial Review of the appellate panel's decision. The circuit court affirmed the decision of the appellate panel, finding that Kimberly Clark must pay for causally related medical treatment and should be allowed to select a treating physician. McKinney appeals.

## STANDARD OF REVIEW

The South Carolina Administrative Procedure Act governs judicial review of a decision of an administrative agency. *Clark v. Aiken County of Gov't*, 366 S.C. 102, 107, 620 S.E.2d 99, 101 (Ct.App.2005). Section 1–23–380(a)(5) of the South Carolina Code (Supp.2006) establishes the substantial evidence rule as the standard of review. Under this standard, a reviewing court may reverse or modify an agency decision based on errors of law, but may only reverse or modify an agency's findings of fact if they are clearly erroneous. "The construction of a statute by the agency charged with its administration should be accorded great deference and will not be overruled without a compelling reason." *Vulcan Materials Co. v. Greenville County Bd. of Zoning Appeals*, 342 S.C. 480, 496, 536 S.E.2d 892, 900 (Ct.App.2000)

## LAW/ANALYSIS

McKinney argues the circuit court erred in finding that she is not entitled to select her treating physician after being determined permanently and totally disabled. We disagree.

McKinney relies upon *Risinger v. Knight Textiles*, 353 S.C. 69, 577 S.E.2d 222 (Ct.App.2002) for the proposition that she should be allowed, unilaterally, to select a provider to treat her, and that Kimberly Clark should be responsible for payment for such treatment. This reliance is misplaced. In *Risinger*, the appellate panel designated a treating physician

for the claimant in its order. The employer and carrier refused to pay for an additional treatment as recommended by this physician, and sought further to have the claimant evaluated by another physician. We held that the employer and carrier could not refuse to pay for additional treatment under those circumstances.

In the present case, unlike in *Risinger*, there has never been a designation of a treating physician. While the appellate panel ordered Kimberly Clark to pay for causally related medical expenses pursuant to S.C.Code. Ann. § 42–15–60 (1976), no particular physician was designated by the appellate panel to treat McKinney. Therefore, *Risinger* does not apply.

McKinney further contends that *Risinger* stands for the proposition that in a case where the claimant has received permanent and total benefits, the claimant has an absolute right to pursue medical treatment, of any type and nature, at any location, and that an employer and carrier are responsible for payment of that treatment. We disagree.

McKinney's argument is inconsistent with S.C.Code Ann. § 42–15–60 and § 42–9–10 (1976), which establishes the rights of the employer and the employee with regards to payment for treatments, and ultimately gives great deference to the appellate panel. This statute does not give a unilateral right to claimants to select their treating physician, and such an unencumbered right undermines the authority of the appellate panel, as prescribed by the legislature.

## CONCLUSION

Accordingly, the circuit court's order is

**AFFIRMED.**

KITTREDGE, J., and THOMAS, J., concur.