**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Timothy J. Hannah, Employee, Claimant, Appellant,

v.

MJV/Butler Trucking, Inc., Employer, and Palmetto Timber S.I. Fund c/o Walker, Hunter & Associates, Inc., Carrier, Respondents.

Appellate Case No. 2011-197631

---

Appeal From the Appellate Panel
South Carolina Workers' Compensation Commission

---

Unpublished Opinion No. 2012-UP-535
Submitted September 4, 2012 – Filed September 26, 2012

---

**AFFIRMED**

---

W.E. Jenkinson, III, of Jenkinson Jarrett & Kellahan, PA, of Kingstree, for Appellant.

Mark Davis and Andrew Scott Luadzers, of McAngus Goudelock & Courie, LLC, of Charleston, for Respondent.

---

**PER CURIAM:**  Timothy J. Hannah appeals the ruling of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel) denying compensation for a low back/lumbar spine injury, arguing (1) the Appellate Panel's finding that his lumbar spine injury is not causally related to the admitted accident is not supported by substantial evidence, (2) the Appellate Panel erred in failing to consider his lumbar spine injury in combination with his other compensable injuries resulting from the work related accident, or alternatively to consider whether the accident aggravated a pre-existing spinal condition as required by *Bartley v. Allendale County School District*, 392 S.C. 300, 709 S.E.2d 619 (2011), (3) the Appellate Panel's rulings that he has received all proper medical care that will tend to lessen his period of disability and is not entitled to medical treatment or other benefits for his lumbar spine injury are not supported by substantial evidence and are contrary to controlling legal precedent, and (4) the Appellate Panel's reliance on Respondent's interpretation of evidence impermissibly sanctions employer/insurer "doctor shopping," which was condemned in *Risinger v. Knight Textiles*, 353 S.C. 69, 577 S.E.2d 222 (Ct. App. 2002).  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the Appellate Panel erred in finding no causal relation between Hannah's lumbar spine injury and the admitted accident: *Nettles v. Spartanburg Sch. Dist. # 7*, 341 S.C. 580, 586, 535 S.E.2d 146, 149 (Ct. App. 2000) (holding this court must affirm the Appellate Panel's decision unless it is "'clearly erroneous' in view of the substantial evidence on the whole record." (citations omitted)); *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 136, 276 S.E.2d 304, 307 (1981) ("a judgment upon which reasonable men might differ will not be set aside").

2.      As to whether the Appellate Panel erred in finding Hannah was not entitled to medical treatment for his lumbar spine injury: *Nettles*, 341 S.C. at 586, 535 S.E.2d at 149 (holding this court must affirm the Appellate Panel's decision unless it is "'clearly erroneous' in view of the substantial evidence on the whole record." (citations omitted)).

3.      As to the remaining issues: *Stone v. Roadway Express*, 367 S.C. 575, 582, 627 S.E.2d 695, 698 (2006) ("Only issues raised and ruled upon by the [Appellate Panel] are cognizable on appeal.").

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**