**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Beverly Bequeath-Collom, Employee, Appellant,

v.

SC Department of Education, Employer, and SC State Accident Fund, Carrier, Respondents.

Appellate Case No. 2019-001394

---

Appeal From The Workers' Compensation Commission

---

Unpublished Opinion No. 2022-UP-103
Submitted February 1, 2022 – Filed March 9, 2022

---

**AFFIRMED**

---

Everett H. Garner, of Holler, Garner, Corbett, Gilchrist & Mason, of Columbia, for Appellant.

Shannon Till Poteat and Ashley Kemp Dixon, both of Robinson Gray Stepp & Laffitte, LLC, of Columbia, for Respondents.

---

**PER CURIAM:** Beverly Bequeath-Collom (Claimant) appeals an order of the Appellate Panel of the South Carolina Workers' Compensation Commission (the Appellate Panel), arguing the Appellate Panel erred by (1) finding the South Carolina Department of Education (Employer) and the South Carolina Accident

Fund (collectively, Respondents) were not liable for unauthorized treatment she obtained from April 11, 2014, to December 17, 2018, and (2) finding Claimant was not entitled to Temporary Total Disability (TTD) for the time following her surgery.  We affirm.

1.  We hold substantial evidence supports the Appellate Panel's finding that Respondents were not required to reimburse Claimant for the unauthorized treatments she received from April 11, 2014, to December 17, 2018.  *See Hargrove v. Titan Textile Co.*, 360 S.C. 276, 289, 599 S.E.2d 604, 610-11 (Ct. App. 2004) ("This [c]ourt's review is limited to deciding whether the [Appellate Panel's] decision is unsupported by substantial evidence or is controlled by some error of law."); *id.* at 289, 599 S.E.2d at 611 ("Substantial evidence is not a mere scintilla of evidence, nor the evidence viewed blindly from one side of the case, but is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion the administrative agency reached in order to justify its action."); *Etheredge v. Monsanto Co.*, 349 S.C. 451, 455-56, 562 S.E.2d 679, 681 (Ct. App. 2002) ("The appellate court is prohibited from overturning findings of fact of the [Appellate Panel], unless there is no reasonable probability the facts could be as related by the witness upon whose testimony the finding was based."); S.C. Code Ann. § 42-15-60(A) (2015) ("If in an emergency, on account of the employer's failure to provide the medical care as specified in this section, a physician other than provided by the employer is called to treat the employee, the reasonable cost of the service must be paid by the employer, if ordered by the [Appellate Panel]."); *McKinney v. Kimberly Clark Corp.*, 376 S.C. 636, 639, 658 S.E.2d 112, 114 (Ct. App. 2008) (holding section 42-15-60 "does not give a unilateral right to claimants to select their treating physician, and such an unencumbered right undermines the authority of the [A]ppellate [P]anel, as prescribed by the legislature"); *Risinger v. Knight Textiles*, 353 S.C. 69, 73, 577 S.E.2d 222, 224 (Ct. App. 2002) (concluding an employer could not continuously require additional independent medical examinations after a final order of the Appellate Panel had been issued and the employer was paying benefits pursuant to the order because "[t]his would allow the [employer] to 'shop around' indefinitely until it found a favorable opinion, often sacrificing much needed treatment").

2.  We hold substantial evidence supports the Appellate Panel's determination Claimant was not entitled to TTD following her surgery.  *See Hargrove*, 360 S.C. at 289, 599 S.E.2d at 610-11 ("This [c]ourt's review is limited to deciding whether the [Appellate Panel's] decision is unsupported by substantial evidence or is controlled by some error of law."); *Langdale v. Carpets*, 395 S.C. 194, 207, 717 S.E.2d 80, 87 (Ct. App. 2011) ("The issue of the extent of disability is a question

of fact to be proved as any other fact is proved."); S.C. Code Ann. § 42-1-120 (2015) (defining disability as the "incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment"); *Lee v. Bondex, Inc.*, 406 S.C. 97, 102, 749 S.E.2d 155, 157 (Ct. App. 2013) ("The claimant bears the burden of proving entitlement to temporary disability compensation."); *id.* at 103, 749 S.E.2d at 157 ("[T]he claimant satisfies [her] burden by proving work restrictions that prevent [her] from performing [her] regular job and the unavailability of light-duty employment through the same employer.").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.