24167

In the Matter of ANONYMOUS MEMBER OF THE BAR, Respondent.

(451 S.E. (2d) 391)

Supreme Court

---

*Atty. Gen. T. Travis Medlock* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainant.*

*Kermit S. King,* Columbia, *for respondent.*

Heard Sept. 20, 1994.

Decided Nov. 28, 1994.

*Per Curiam:*

In this attorney disciplinary matter, the conduct in issue occurred prior to September 1, 1990. Thus, the Respondent is charged with violating the *Code of Professional Responsibility,* formerly Rule 32 of the Supreme Court Rules. Furthermore, the conduct complained of occurred prior to this Court's decision in *Glasscock v. Glasscock,* 304 S.C. 158, 403 S.E. (2d) 313 (1991). The Panel of the Board of Commissioners on Grievance and Discipline (Panel) recommended dismissal of the Complaint. The Executive Committee voted unanimously to adopt the Panel's Findings of Fact and Conclusions of Law but recommended a private reprimand. We agree and impose a private reprimand.

The matter arises out of Respondent's representing a party in domestic litigation. Pursuant to the contract of legal representation, Respondent and client agreed that client would pay a $5,000 nonrefundable advance retainer fee and would then be billed at an hourly rate. Client's mother paid the $5,000 retainer by personal check and client executed a promissory note to her mother.

The conduct in issue stems from respondent's attempt to recover attorney's fees from client's husband on behalf of client at a *pendente lite* hearing. Respondent submitted an Affidavit to the Family Court in which he represented that his client had no funds from which to pay temporary fees or finance her suit, that she had not paid her attorney any fees or costs and that she was unable to pay for experts to assist her in case preparation. Respondent submitted his affidavit which itemized fees and costs paid and owing and showed "Retainer -0-."

Respondent testified at the hearing that he had not received any payment from his client. At no time was the Family Court made aware of the $5,000 retainer. Furthermore, when asked if she had paid Respondent, the client stated that she had not and further stated that she had not put down a retainer fee.

In his defense, Respondent argues that the $5,000 nonrefundable retainer was separate from the attorney's fees he was attempting to collect from the husband through the Family Court. As such, he argues, the retainer was not germane to the *pendente lite* hearing. Regardless of Respondent's rationale for the nondisclosure, he misrepresented to the Court that he had not received any payment for his services.

We find the Respondent violated Disciplinary Rule 1-102 which states that a lawyer shall not: . . .

> (4) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.
> (5) engage in conduct that is prejudicial to the administration of justice.
> (6) engage in any other conduct that aversely reflects on his fitness to practice law.

Additionally, we find the Respondent in violation of Disciplinary Rule 7-102(A) which states

> [i]n his representation of a client, a lawyer may not: . . .
> (5) Knowingly make a false statement of law or fact.
> (6) Participate in the creation or preservation of evidence when he knows or it is obvious that the evidence is false.

Based upon the above findings, we hereby sanction Respondent with

Private reprimand.