480 S.E.2d 724

## SOUTH CAROLINA STATE BOARD OF MEDICAL EXAMINERS, Appellant,

v.

## Larry L. HEDGEPATH, M.D., Respondent.

No. 24565.

Supreme Court of South Carolina.

Heard May 7, 1996.

Decided Jan. 27, 1997.

Deputy General Counsel Richard P. Wilson, Staff Counsel John A. Birgerson, South Carolina Department of Labor, Licensing & Regulation, Columbia, for appellant.

Weldon R. Johnson and R. Lewis Johnson, Barnes, Alford, Stork & Johnson, Columbia, for respondent.

FINNEY, Chief Justice.

This is a medical disciplinary case. The circuit court held a South Carolina physician had no ethical duty to maintain his patients' confidences, and therefore reversed the decision of the Board of Medical Examiners (Board). The Board found respondent committed misconduct in breaching this duty, and imposed a public reprimand upon him. We reverse the circuit court's order, and reinstate the Board's decision.

Respondent is a medical doctor engaged in the general practice of medicine and addictionology. During 1989, he acted as a family therapist for a married couple, Mr. and Mrs. C. From January until May 1991, respondent was Mrs. C.'s individual therapist. In 1992, the C.'s commenced divorce litigation. Respondent provided an affidavit dated August 21, 1992, for use at the family court's temporary hearing. This affidavit was created at the request of Mr. C.'s attorney, without consulting with Mrs. C. or obtaining her consent, and was voluntary (i.e. not compelled by subpoena or other legal process). Its contents were not flattering to either party, and it is undisputed that respondent's affidavit revealed confidences entrusted to him by Mrs. C. during their doctor-patient relationship.

The Board is authorized to discipline a physician for misconduct. S.C.Code Ann. § 40–47–200 (Supp.1995). Misconduct occurs when a physician violates the principles of ethics adopted and published by the Board. *Id.* At the time respondent treated Mrs. C., the relevant ethical provision read:

A physician may not reveal the confidences entrusted to him in the course of medical attendance, or the deficiencies he may observe in the character of patients, unless he is required to do so by law or unless it becomes necessary in order to protect the welfare of the individual or of the community. 26 S.C.Reg. 81–60(I).

At the time respondent gave the affidavit, the provision had been amended to read:

A physician shall respect the rights of patients, of colleagues, and of other health professionals, and shall safeguard patient confidences within the constraints of the law. 26 S.C.Reg. 81–60(D) (Supp.1995).

The Board found respondent had violated both versions of the ethics regulation, that his misconduct was mitigated by his concern for the best interests of the C.'s children's custody which was to be decided in the temporary hearing, and that a public reprimand was the appropriate sanction. On appeal, the circuit court found the amended version of the ethics regulation applied, and that since no law prohibited respondent from making the affidavit, Reg. 81–60(D) had not been

violated. The Board's order finding misconduct and imposing a sanction was reversed.

█ The first issue is whether respondent's conduct should be judged by the ethical standard in effect at the time of the confidential communications [Reg. 81–60(I) ] or that in effect at the time of the alleged misconduct [Reg. 81–60(D) ]. We agree with the circuit court that respondent's actions should be judged by the standard in effect at the time of the alleged misconduct. *Cf., In re Anonymous,* 317 S.C. 10, 451 S.E.2d 391 (1994) (misconduct of attorney determined by ethical rules in effect at time of alleged transgression). We also agree with the Board, however, there is no substantive difference between the two regulations.

█ The second and dispositive issue is whether a physician commits ethical misconduct when he reveals a patient's confidences where the revelation is neither compelled by law (i.e. subpoena or statute) nor consented to by the patient. The circuit court held no such duty of confidentiality exists since South Carolina does not recognize an evidentiary doctor-patient privilege.[1] This was error. The terms "privilege" and "confidences" are not synonymous, and a professional's duty to maintain his client's confidences [2] is independent of the issue whether he can be legally compelled to reveal some or all of those confidences, that is, whether those communications are privileged. *See* Wilcox *South Carolina Legal Ethics Confidential Information* 6–1 (1992). Reg. 81–60(D) enjoins a physician to maintain his patients' confidences within the constraints (or limitations) of the law. We agree with the Board's construct of this regulation: A physician acts ethically when she maintains patient confidences, and when she provides confidential information to others as required by law or as authorized by the patient. The circuit court erred in

---

1. *See, e.g., Peagler v. Atlantic Coast Line Railroad Co.,* 232 S.C. 274, 101 S.E.2d 821 (1958).

2. *Compare* this passage from the Hippocratic Oath, the ethical guide for physicians: "All that may come to my knowledge in the exercise of my profession ... which ought not to be spread abroad, I will keep secret and will never reveal" *with* this passage from the oath subscribed to by all persons admitted to the South Carolina Bar: "I will respect the confidence and preserve inviolate the secrets of my client...."

interpreting the regulation to allow a physician to freely disseminate patient confidences except where a statute expressly prohibits him from doing so.[3]

Respondent violated Reg. 81–60(D) when he voluntarily provided an affidavit breaching confidences entrusted to him by Mrs. C. This act constitutes misconduct under § 40–47–200. The circuit court order finding otherwise is, accordingly,

REVERSED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.

---

**3.** *Compare Evans v. Rite Aid Corp.*, 324 S.C. 269, 478 S.E.2d 846 (1996) (no statutory or common law duty of confidentiality between a pharmacist and his customer).