Thomas J. GRIEGO, Travis M. Tooke, Mr. & Mrs. Richard S. White, Kim Vigliature and Mr. & Mrs. Douglas Bender, Plaintiffs,

v.

FORD MOTOR COMPANY and Michelin North America, Inc., Defendants.

No. 6:98–MC85–13.

United States District Court,
D. South Carolina,
Greenville Division.

Sept. 9, 1998.

Bruce A. Byrholdt, Anderson, SC, G. Brinson Williams, Jones Osteen Jones and Arnold, Hinesville, GA, for Thomas J. Griego, Travis M. Tooke, Mr. Richard S. White, Mrs. Richard S. White, Kim Vigliature, Mr. Douglas Bender and Mrs. Richard Bender.

William Ussery Gunn, Holcombe Bomar Gunn and Bradford, PA, Spartanburg, SC, J. Brantley Phillips, Jr., Leatherwood Walker Todd and Mann PC, Greenville, SC, for Ford Motor Co.

Lemuel Gray Geddie, Jr., Ogletree, Deakins, Nash, Smoak & Stewart, Greenville, SC, J. Brantley Phillips, Jr., Leatherwood Walker Todd and Mann PC, Greenville, SC, J. Hamilton Stewart, III, Greenville, SC, Frederick D. Page, Holland and Knight, Jacksonville, FL, Robert P. Monyak, Wendy Goodwin, Love and Willingham LLP, Atlanta, GA, George E. Shultz, Elizabeth C. Helm, Holland and Knight, Atlanta, GA, for Michelin of North America, Inc.

### ORDER

GEORGE ROSS ANDERSON, Jr.,
District Judge.

This matter is before the Court on Michelin Americas Research and Development Corporation's (MARC) motion for stay and certification under 28 U.S.C. § 1292(b). MARC argues that the South Carolina Trade Secrets Act (Act), S.C.CODE ANN. 39–8–60(B), applies to actions based on diversity in federal court. The Defendant MARC erroneously believes that the South Carolina Trade Secrets Act applies across the board to cover discovery in all civil actions. To the contrary, the South Carolina Trade Secrets Act covers only a narrow category of cases— those actions based on misappropriation of trade secrets. For the reasons stated below, MARC's motion for stay and certification is DENIED.

### FACTS

This products liability case originated in United States District Court for the Southern District of Georgia and concerns a discovery dispute between Plaintiffs and Michelin North America, Inc. (MNA).

On September 8, 1995, three of the Plaintiffs died and two were severely injured when their Ford E350 Super Club Wagon rolled over on Interstate 95 near Midway, Georgia. The Plaintiffs allege that the right rear tire of the Wagon "suddenly and without warning failed and malfunctioned, in that this tire completely separated and blew out." The driver lost control, and the vehicle rolled over several times. Plaintiffs filed suit on April 19, 1996.

Following many rounds of discovery disputes between Plaintiffs and MNA, the Plaintiffs served a subpoena on Michelin Americas Research & Development Corporation (MARC), a non-party and separate entity from MNA, in the District of South Carolina, which brought the matter before this Court. This subpoena sought information about various Michelin tire designs and incidences of tire separation. Concerned over dissemination of its trade secrets, MARC, with Plaintiffs' consent, entered into a Protective Order on July 21, 1998.

MNA subsequently moved to modify the subpoena as a party "affected by" the subpoena within the meaning of FED.R.CIV.P. 45(c)(3)(B). MARC also moved to transfer the case back to Georgia for resolution. This Court denied both motions by way of its August 19, 1998 Order. MARC now seeks a stay and certification of that order under § 1292(b).

### ANALYSIS

#### I. Applicability of the South Carolina Trade Secrets Act

In 1997, the South Carolina legislature amended the South Carolina Trade Secrets Act. *See* S.C.CODE ANN. §§ 39–8–10 to – 130 (Supp.1997). This amended Act provides, in part, heightened protection for trade secrets and a greater showing required of persons seeking discovery of such trade secrets. S.C.CODE ANN. § 39–8–60(B) states that "in any civil action where discovery is sought of information designated by its holder as a trade secret, before ordering discovery a court shall first determine whether

there is substantial need. . . ." S.C.CODE ANN. § 39–8–60(B) (Supp.1997).

MARC argues that because this section creates a substantive right that directly conflicts with federal law, under *Erie R.R. v. Tompkins,* this Court must follow the South Carolina Trade Secrets Act.[1] *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). At the August 18, 1998 motions hearing, this Court questioned the applicability of the Act in a diversity proceeding in a United States District Court. Thus, MARC seeks certification under § 1292(b) because this case involves "a controlling question of law as to which there is substantial ground for difference of opinion . . ." 28 U.S.C. § 1292(b).

This issue is one of first impression in both federal and state courts in South Carolina. Although § 39–8–60(B) appears to establish a more stringent standard for the production of trade secrets, S.C.CODE ANN. § 39–8–110(C) defines the scope of the South Carolina Trade Secrets Act. S.C.CODE ANN. § 39–8–110(C) states:

> (C) Any and all other civil remedies that are **not based upon misappropriation of a trade secret or upon protection against misappropriation of a trade secret are governed by the rules of procedure,** rules of evidence, regulations, and the common law applicable to the administrative law tribunal, or court where the action is filed.

S.C.CODE ANN. § 39–8–110(C) (Supp.1997) (emphasis added). By its own language, the South Carolina Trade Secrets Act does not apply to any action that is not based on misappropriation of a trade secret or protection against such a misappropriation. Here, the underlying action is one in tort and products liability. Therefore, the Act does not apply in this case.

## II. Section 1292(b) Certification

■ In the Fourth Circuit, it is well settled that discovery orders are not subject to direct appeal. *See, e.g., MDK, Inc. v. Mike's Train House,* 27 F.3d 116 (4th Cir.1994)

(holding that discovery proceedings are not directly appealable, even though the discovery order mandated production of trade secrets from a non-party). Section 1292(b), however, provides for interlocutory appeals from orders involving "[1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation. . . ." 28 U.S.C. § 1292(b). In the present case, MARC fails all three showings required under § 1292(b) and is not entitled to the relief it seeks.

■ First, this matter does not present a controlling question of law. Discovery orders are subject to an abuse of discretion standard. *See, e.g., Cohn v. Bond,* 953 F.2d 154 (4th Cir.1991). The discretionary nature of discovery orders has led at least one Court of Appeals to conclude that discovery orders in general will never involve a controlling question of law. *See White v. Nix,* 43 F.3d 374, 377–78 (8th Cir.1994) (holding that the "discretionary resolution of discovery issues precludes the requisite controlling question of law"); *see also McCann v. Communications Design Corp.,* 775 F.Supp. 1506, 1533–34 (D.Conn.1991). This Court is similarly convinced that discretionary orders such as those concerning discovery will involve a controlling question of law only in the rarest of cases. Such a case is not present here.

Second, MARC fails to demonstrate that there is a "substantial ground for difference of opinion" concerning the applicability of the South Carolina Trade Secrets Act to federal court. As noted above, the South Carolina Trade Secrets Act does not apply to any action that is not based on misappropriation of a trade secret or protection against such a misappropriation. Here, the underlying action is one in tort and products liability. Thus, the Act does not afford MARC the protection it seeks and the Federal Rules of Civil Procedure control. *See* FED.R.CIV.P. 26 & 45.

---

1. To the extent that the South Carolina Trade Secrets Act applies in federal court, its provisions regarding discovery matters are purely procedural. Therefore, unless the case is based on a misappropriation of trade secrets, in the case of a conflict, the Federal Rules of Civil Procedure would apply. *See* S.C.CODE ANN. § 39–8–110(C) discussed *infra.*

Third, MARC fails to show how an immediate appeal may materially advance the ultimate termination of this case as required by § 1292(b). Plaintiffs filed this action on April 19, 1996. Now, more than two years have passed and the case is still in discovery. To allow an interlocutory appeal at this stage would not promote termination of the litigation. To the contrary, an interlocutory appeal would only further delay the ultimate termination of the case.

MARC contends that § 1292(b) certification will materially advance the ultimate termination of this discovery proceeding "because MARC has no direct avenue for appeal of this Court's August 19, 1998 Order" and cites the *MDK, Inc. v. Mike's Train House* case. *MDK, Inc. v. Mike's Train House*, 27 F.3d 116 (4th Cir.1994). That case expressly rejected the argument MARC now advances. In *MDK, Inc.*, the United States Court of Appeals for the Fourth Circuit observed:

> Courts have long recognized that a party sufficiently exercised over a discovery order may resist that order, be cited for contempt, and then challenge the propriety of the discovery order in the course of appealing the contempt citation. Indeed, the [United States] Supreme Court has pointed to this path to appellate review as a reason why discovery orders are not appealable....

*MDK, Inc. v. Mike's Train House*, 27 F.3d at 121 (citations omitted). Although the Fourth Circuit decided *MDK, Inc.* on slightly different grounds, its basic principles are equally applicable to the present case. As the Court stated, "Allowing nonparties to immediately appeal discovery decisions affecting them is a recipe for gridlock in the underlying litigation." *MDK, Inc. v. Mike's Train House*, 27 F.3d at 122. Hence, MARC cannot show that this appeal will materially advance the termination of this litigation.

*MDK, Inc.* did not address the applicability of § 1292(b) to discovery orders and left a party from whom discovery is sought with only two options: (1) produce the documents; or (2) resist production and appeal the contempt citation. MARC contends that § 1292(b) provides another option not contemplated by the Fourth Circuit. Given the overriding policy concerns of *MDK, Inc.* in preventing collateral litigation that would cause unnecessary delay, it is inconceivable that the Fourth Circuit would prohibit direct appeals of discovery orders, yet encourage the very same result through the use of § 1292(b). In sum, the mandate of the *MDK, Inc.* case is clear—a party from whom discovery is sought must either comply with the discovery order or risk a contempt citation for failing to do so.

### CONCLUSION

For the reasons stated above, the South Carolina Trade Secrets Act is inapplicable to the present case. In addition, MARC cannot make the required showing under 1292(b) and its motion for stay and certification is DENIED.

IT IS, THEREFORE, ORDERED THAT Michelin Americas Research and Development Corporation's motion for stay and certification pursuant to 28 U.S.C. § 1292(b) is hereby DENIED.

IT IS SO ORDERED.