Roy C. Farley, Ed.D., LPC Chairman, Arkansas Board of Examiners in Counseling 124 South Jackson McAlester Building, Suite 312 Magnolia, Arkansas 71753
Dear Chairman Farley,
I am writing in response to your request for an opinion on a question concerning counselor-client confidentiality. As background for your question, you report the following:
 A Licensed Professional Counselor (LPC) under the jurisdiction of the Counseling Board is the Director of the Student Counseling Center at a state university. The licensee is required to hold the state license as a condition of her employment. She has recently been directed to provide the administration a monthly list of student names, the dates of student appointments, and whether or not the students kept the appointments. She offered to supply the information with codes for student names as a solution to meet the university request and maintain confidentiality. The administration refused the offer and the administration changed the university counseling center forms/policies and has mandated she comply with the administration's changes.
 The Counseling Board has always interpreted the confidentiality provision of Arkansas Code Annotated 17-27-311 to mean that it is an ethical violation for a licensee to disclose the identity of his/her client as well as the content or subject matter of the counseling session. The initial contact for an appointment is considered confidential by the Board. The interpretation is consistent with the *Page 2 
American Counseling Association (ACA) ethics commission. The Board is mandated to adopt the ACA Code of Ethics. . . .
Against this backdrop, you ask:
 Recognizing that the university may have a valid interest in the utilization of counseling services provided by the university staff, which takes precedence: the law establishing the confidentiality of the counseling relationship or the university policy?[1]
RESPONSE
Your question as posed appears to assume that there is an irreconcilable conflict between the university policy you have described and A.C.A. §§ 17-27-101 through-313 (Repl. 2001 and Supp. 2007), which is the body of law establishing the confidentiality of the counseling relationship. If you are correct in this *Page 3 
assumption, then in my opinion the university policy requiring the disclosure of information regarding students seeking counseling services must yield to the specific confidentiality strictures of A.C.A. §§ 17-27-101 through-313 (Repl. 2001 and Supp. 2007). It should be emphasized, however, that the question of whether such a conflict exists may turn on the particular surrounding facts, as well as the proper interpretation of certain professional and ethical guidelines, as discussed further below. I cannot engage in the necessary factual analysis, nor can I opine definitively regarding these guidelines. I can only set out the generally applicable principles of law.
As you have correctly noted, A.C.A. § 17-27-311 creates a confidential relationship between, inter alia, licensed counselors and licensed associate counselors and their clients. This Code section states:
 For the purposes of this chapter, the confidential relations and communications between a licensed counselor and a client, a licensed associate counselor and a client, a licensed marriage and family therapist and a client, or between a licensed associate marriage and family therapist and a client are placed upon the same basis as those between an attorney and a client.
A.C.A. § 17-27-311(a) (Repl. 2001).
It is therefore necessary to examine the extent of confidentiality "between an attorney and a client" in order to determine the extent of the confidentiality relationship between licensed counselors and their clients. Attorney-client confidentiality in Arkansas arises primarily from two sets of rules: the Arkansas Rules of Professional Conduct (governing the conduct of lawyers) and the Rules of Evidence. With regard, first, to the Rules of Evidence, Rule 502 establishes the so-called "attorney-client privilege" which applies in the context of court proceedings. See McCambridge v. City of Little Rock, 298 Ark. 219,226, 766 S.W.2d 909 (1989) (" . . . the attorney-client privilege, A.R.E. Rule 502, is an evidentiary rule limited to court proceedings.") This evidentiary rule would not appear to directly bear on your question concerning a university policy that requires the release of certain counseling information. Cf. South Carolina State Board of MedicalExaminers v. Hedgepath, 325 S.C. 166, 169, 480 S.E.2d 724 (1997) (observing that "[t]he terms `privilege' and `confidences' are not synonymous, and a professional's duty to maintain his client's confidences is *Page 4 
independent of the issue whether he can be legally compelled to reveal some or all of those confidences, that is, whether those communications are privileged.") With regard, however, to the Arkansas Rules of Professional Conduct (RPC), consideration must be given to Rule 1.6, which provides:
 (a) A lawyer shall not reveal information relating to representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b).
 (b) A lawyer may reveal such information to the extent the lawyer reasonably believes necessary:
 (1) to prevent the commission of a criminal act;
 (2) to prevent the client from committing a fraud that is reasonably certain to result in injury to the financial interests or property of another and in furtherance of which the client has used or is using the lawyer's services;
 (3) to prevent, mitigate or rectify injury to the financial interest or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services;
 (4) to secure legal advice about the lawyer's compliance with these Rules;
 (5) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client, to establish a defense to a criminal charge or civil claim against the lawyer based upon conduct in which the client was involved, or to respond to allegations in any proceeding concerning the lawyer's representation of the client or,
 (6) to comply with other law or a court order. *Page 5 
The rules of professional conduct thus very clearly forbid attorneys from revealing "information relating to representation of a client" unless the client gives "informed consent"[2] or the disclosure is "impliedly authorized" or otherwise falls within a specific exception under Rule 1.6(b). The general proscription would appear to include all information surrounding the relationship, including the name of the client and the scope and nature of the employment. Accord Tenn. Op. Att'y Gen. 06-009 (noting that while the attorney-general privilege does not necessarily protect the client's name or other matters relating to the employment, "under RPC 1.6, this information relates to the representation of a client and, therefore, generally may not be revealed.").
Pursuant to A.C.A. § 17-27-311, supra, this rule of confidentiality in the realm of legal representation also applies to licensed counselors and associate licensed counselors. Accordingly, as a general matter, the Counseling Board in my opinion properly considers the identity of a client, the initial contact for an appointment, and the content or subject matter of a counseling session to be confidential. It is therefore understandable why the Board would be concerned that a general university policy such as you have described, which requires the disclosure of names of students and information regarding their appointments at the university counseling center, might contravene A.C.A. § 17-27-311. Such a policy may also be contrary to the Code of Ethics of the American Counseling Association (ACA), which is also incorporated into the body of law regulating the practice of counseling in Arkansas. See A.C.A. § 17-27-203.[3] The Code of Ethics requires *Page 6 
that "[c]ounselors respect client rights to privacy." ACA Code ofEthics, Section B.1.b. (2005). The Board can sanction persons "found guilty of violating any ethical or professional standard." A.C.A. § 17-27-309(a)(1) (Repl. 2001).
When addressing concerns over the disclosure of confidential client information, however, I believe some consideration must also be given to the circumstances in which information relating to a client might be shared without contravening either the Rules of Professional Conduct for lawyers or the Code of Ethics for counselors.[4] It may be relevant to note in this regard that a lawyer is "impliedly authorized" under RPC Rule 1.6(a) to make disclosures about a client when appropriate in carrying out the representation. In the Comment to Rule 1.6, the drafters expounded on this principle as follows:
 Lawyers in a firm may, in the course of the firm's practice, disclose to each other information relating to a client of the firm, unless the client has instructed that particular information be confined to specified lawyers.
Somewhat analogous to RPC Rule 1.6(a) as commented upon above, the ACA Code of Ethics states that "[c]ounselors discuss confidential information only in settings in which they can reasonably insure client privacy." ACA Code of Ethics, Section B.3.c.
Both the Rules of Professional Conduct for lawyers and the Code of Ethics for counselors therefore appear to authorize the sharing of confidential client information in settings where confidentiality can be ensured. I do not sit as a factfinder in the issuance of official Attorney General opinions, nor am I in a position to opine definitively regarding the scope or application of these rules and *Page 7 
ethical guidelines. I therefore cannot definitively determine whether or to what extent this principle concerning authorized disclosures might be implicated in connection with the university policy at issue. You have stated that the counseling center has been directed to provide the student counseling information to the "administration." This suggests to me that the policy may require the disclosure of confidential information outside the clinical setting. If that is the case, it is quite possible that neither the confidentiality rules nor the ethical requirements will provide support for the policy. As reflected by the above commentary to RPC Rule 1.6, lawyers in a firm may generally disclose client information to each other "in the course of the firm's practice. . . ." Perhaps similarly, the ACA Code of Ethics contemplates the sharing of confidential client information with supervisors or other professionals involved in treatment. See ACA Code of Ethics, Section B.3.b. These provisions clearly support the sharing of information in the course of treatment, where client privacy can reasonably be ensured. I have found no other satisfactory guidance regarding appropriate settings for divulging client information. Because the Counseling Board is obligated to adopt the ACA Code of Ethics, see A.C.A. § 17-27-203(c), consultation with the American Counseling Association may be indicated as a means of gaining further insight into the issue. The question would be whether reporting client information to administrative personnel of the university who may be outside the counseling arena comports with the applicable guidelines. This issue is ultimately within the proper purview of the Board, in the exercise of its enforcement authority with respect to licensees. See A.C.A. § 17-27-309(a)(1) (Repl. 2001) (empowering the Board to "suspend or revoke the license of any person found guilty of violating any ethical or professional standard.")
The Board may also need to consider the possibility that the client has effectively consented to the disclosure. As noted above, information relating to legal representation may be revealed with the client's "informed consent" pursuant to RPC Rule 1.6(a). See also n. 1,supra (defining "informed consent"). The ACA Code of Ethics provides, similarly, that "[c]ounselors do not share confidential information without client consent or without sound legal or ethical justification."ACA Code of Ethics, Section B.1.c. (2005). I note in this regard that among the information you have supplied as background for your question is a form document describing "counseling services" and "confidentiality," and which also provides for the client's "informed consent." Under the heading of "Confidentiality," the form states: "Information regarding your scheduled appointments and your attendance at these appointments will be reported to *Page 8 
administrative staff members of the university for purposes of accountability of counselor services." Because the form does not explicitly state that names will be provided, a client signing this form might contend that he or she was not adequately informed that the confidential information would be divulged. Both the Rules of Professional Conduct and the Code of Ethics clearly contemplate that a client who enters into a counseling relationship does so under a presumption that the relationship is confidential unless the client says otherwise. I cannot resolve the issue of whether a client has said otherwise, particularly since there may be other surrounding facts to consider. That would again be an administrative matter for the Board.
To summarize, A.C.A. §§ 17-27-101 through-313 in my opinion clearly create a duty of confidentiality on the part of the licensed counselor that will override a university policy that requires the disclosure of information regarding students seeking counseling services if there is an irreconcilable conflict between these confidentiality strictures and the university policy. I cannot definitively determine whether the particular policy at issue must yield, as that requires factfinding and the application of the above guidelines to the relevant set of facts.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] You also state that the situation you have described "has implications under the Family Educational Rights and Privacy Act (FERPA) . . . and HIPPA." These federal laws, which protect the privacy of student education records and health information, respectively, are outside the usual scope of an opinion from this office. I will nevertheless note that "educational records" as defined by the FERPA,see 20 U.S.C. § 1232g(a)(4)(A), may be released to "other school officials, including teachers within the educational institution or local educational agency, who have been determined by such agency or institution to have legitimate educational interests, including the educational interests of the child for whom consent would otherwise be required." 20 U.S.C. § 1232g(b)(1)(A) (emphasis added). Thus, even if the records at issue documenting student counseling appointments do not fall within one of the exceptions to FERPA's definition of "educational records," see 20 U.S.C. § 1232g(a)(4)(B) — meaning that FERPA's restrictions on their disclosure will otherwise apply — it appears that disclosure to certain other school officials will not violate FERPA. With respect to the HIPAA (Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d et seq.), it should be noted that this federal law expressly excludes from its coverage any records that qualify as "education records" or student treatment records under FERPA.45 C.F.R. § 160.103. See Dunkle, Managing Violent and Other TroublingStudents: The Role of Threat Assessment Teams on Campus, 34 J.C. U.L. 585, 630 (2008) (observing that "[b]ecause any student records maintained by an institution's health center almost certainly qualify as student treatment records or "education records" within the meaning of FERPA, these records should fall outside the scope of HIPAA.")
I must reiterate in this regard that I cannot definitively opine regarding FERPA or HIPAA. The applicability of these federal laws to a particular set of facts is a matter that should be referred to the U.S. Department of Education, the U.S. Department of Health and Human Services, or the Office of U. S. Attorney. For a good discussion of the relationship between FERPA and HIPAA and the distinction between the requirements of FERPA and those of medical confidentiality laws and ethical obligations of psychologists, physicians, and other health care providers, see Tribbensee, Privacy and Confidentiality: BalancingStudent Rights and Campus Safety, 34 J. C. U. L. 393 (2008).
[2] "Informed consent" is defined under the rules as follows:
 `Informed consent' denotes the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed course of conduct.
Arkansas Rules of Professional Conduct, Rule 1.0(e) (2005).
[3] Section 17-27-203 provides in relevant part:
 (a) The Arkansas Board of Examiners in Counseling shall perform those duties and have those powers as this chapter prescribes and confers upon it.
 (b) The board shall adopt rules, regulations, and procedures as it deems necessary for the performance of its duties.
 (c) The board shall adopt the Code of Ethics of the American Counseling Association and any revisions or additions deemed appropriate by this board to govern appropriate practice or behavior referred to in this chapter.
A.C.A. § 17-27-203 (Repl. 2001).
[4] Certain exceptions that do not appear relevant to your question include disclosure based on safety concerns or possible criminal conduct. See RPC Rule 1.6(b)(1), supra, and ACA Code of Ethics
Section B.2.a ("The general requirement that counselors keep information confidential does not apply when disclosure is required to protect clients or identified others from serious and foreseeable harm or when legal requirements demand that confidential information must be revealed."). Because the policy in question would require the disclosure of confidential information under much broader circumstances than these types of scenarios, further consideration of these exceptions appears unnecessary.

 *Page 1