**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-1172**

_____

THEODORE G. HARTSOCK, JR., as Personal Representative of the
Estate of Sarah Mills Hartsock (Estate of Sarah Mills
Hartsock),

              Plaintiff – Appellee,

    v.

GOODYEAR DUNLOP TIRES NORTH AMERICA LTD, a foreign
corporation; GOODYEAR TIRE & RUBBER COMPANY, a foreign
corporation,

              Defendants – Appellants.

----------------------------------------

RUBBER MANUFACTURERS ASSOCIATION; THE PRODUCT LIABILITY
ADVISORY COUNCIL, INC.,

              Amici Supporting Appellants,

THE SAFETY INSTITUTE; SOUTH CAROLINA ASSOCIATION FOR JUSTICE,

              Amici Supporting Appellee.

_____

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:13-cv-00419-PMD)

_____

Argued: October 27, 2016         Decided: November 29, 2016

_____

Before SHEDD and KEENAN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

_____

Unpublished Order of Certification of a question of law to the Supreme Court of South Carolina.

———————

**ARGUED:** Earle Duncan Getchell, Jr., MCGUIREWOODS LLP, Richmond, Virginia, for Appellants. Mark Charles Tanenbaum, MARK C. TANENBAUM, P.A., Charleston, South Carolina, for Appellee. **ON BRIEF:** Michael H. Brady, MCGUIREWOODS LLP, Richmond, Virginia; M. Gary Toole, Bianca G. Liston, MCDONALD TOOLE & WIGGINS, P.A., Orlando, Florida, for Appellants. Mia Lauren Maness, MARK C. TANENBAUM, P.A., Charleston, South Carolina, for Appellee. Debora B. Alsup, THOMPSON & KNIGHT LLP, Austin, Texas, for Amicus Rubber Manufacturers Association. Timothy L. Mullin, Donna P. Sturtz, MILES & STOCKBRIDGE, P.C., Baltimore, Maryland; Hugh F. Young, Jr., PRODUCT LIABILITY ADVISORY COUNCIL, INC., Reston, Virginia, for Amicus The Product Liability Advisory Council, Incorporated. Courtney L. Davenport, THE DAVENPORT LAW FIRM LLC, Germantown, Maryland, for Amicus The Safety Institute. John S. Nichols, BLUESTEIN NICHOLS THOMPSON & DELGADO, LLC, Columbia, South Carolina, for Amicus South Carolina Association for Justice.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to Rule 244 of the South Carolina Appellate Court Rules, we respectfully certify the following question of law to the Supreme Court of South Carolina:

Does South Carolina recognize an evidentiary privilege for trade secrets?

As we explain, we believe that no directly controlling South Carolina authority answers this question. Moreover, the answer will determine whether federal or state law applies to the discovery of trade secrets in this diversity action and, consequently, will be determinative of this appeal.

I

In July 2010, Sarah Mills Hartsock was killed in an automobile crash on Interstate 26 in Calhoun County, South Carolina. Her personal representative, Theodore G. Hartsock, Jr., brings this survival and wrongful death action asserting claims under South Carolina law for negligence, strict liability, and breach of warranty. Mr. Hartsock alleges that the vehicle in which Mrs. Hartsock was riding was struck head-on by another vehicle. That vehicle had crossed the median after suffering a blowout of an allegedly defective tire that Goodyear Dunlop Tires North America Ltd. and Goodyear Tire & Rubber

3

Company designed, manufactured, and marketed.[1] Federal subject-matter jurisdiction exists under 28 U.S.C. § 1332 based upon complete diversity of citizenship between the parties and damages alleged to be greater than $75,000.

During pretrial discovery a dispute arose between the parties over certain Goodyear material relating to the design and chemical composition of the allegedly defective tire. Goodyear objected to producing this material, asserting that it constitutes trade secrets. The district court eventually found, and Mr. Hartsock does not dispute, that the material does, in fact, constitute trade secrets. However, the court ordered Goodyear to produce the material subject to a confidentiality order. In doing so, the court applied federal discovery standards, rejecting Goodyear's contention that South Carolina trade secret law applies.

Goodyear thereafter moved for reconsideration, reiterating its argument that South Carolina law applies. The district court denied the motion but certified its order for interlocutory review pursuant to 28 U.S.C. § 1292(b).[2] The court also stayed

---

[1] Goodyear Dunlop is now known as Sumitomo Rubber USA, LLC. For ease of reference, we will refer to the defendants collectively as "Goodyear."

[2] Section 1292(b) provides that when a district judge believes that an order that is otherwise not appealable "involves a controlling question of law as to which there is
(Continued)

4

the proceedings pending Goodyear's anticipated appeal. After Goodyear appealed, a panel of this Court agreed to permit the appeal. The parties filed briefs, and we heard oral arguments in October 2016.

                                II

Goodyear contends that "the district court erred when it applied Rule 26 [of the Federal Rules of Civil Procedure] and federal case law, rather than the South Carolina Trade Secrets Act ("SCTSA"), S.C. Code Ann. §§ 39-8-10 through 39-8-130, and South Carolina precedent, in determining the burden of production and persuasion that Hartsock must bear to overcome the trade secret privileges asserted by Defendants." Opening Brief of Appellants, at 2. In Goodyear's view, the SCTSA – as interpreted in Laffitte v. Bridgestone Corp., 674 S.E.2d 154 (S.C. 2009) – provides "greater protections from discovery of trade secrets for civil litigants than [currently] recognized by federal common law," Opening Brief of Appellants, at 19, and Goodyear asserts, as it did below, that Mr. Hartsock has not met his burden under the state standard. Goodyear's appeal is

_____

substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." In that instance, the court of appeals, "in its discretion, [may] permit an appeal to be taken from such order."

premised on its assertion that South Carolina law recognizes an evidentiary privilege for trade secrets.

Mr. Hartsock agrees that the issue presented "is the legal standard to be applied in determining when and under what conditions . . . trade secrets [must be] disclosed in products liability litigation based on diversity jurisdiction." Brief of Appellee, at 2. Not surprisingly, however, he disagrees with Goodyear's assertion that state law applies. Instead, he argues that the "only law applicable to the issue before the Court derives from the Federal Rules of Civil Procedure and federal common law." Id. at 11. Further, despite his insistence that only federal law applies, he contends that "the SCTSA and federal rule are not, in fact, contradictory." Id. Taking this argument a step further, he asserts that even if the state standard applies, "it is improbable that the District Court would have reached a different conclusion." Id. at 33.[3]

III

"The federal courts have long recognized a qualified evidentiary privilege for trade secrets and other confidential commercial information." Federal Open Mkt. Comm. of Fed. Res. Sys. v. Merrill, 443 U.S. 340, 356 (1979). Being a qualified

---

[3] This assertion seems debatable in light of the district court's certification of the issue under § 1292(b). We express no opinion in that regard.

privilege, federal courts have not afforded "automatic and complete immunity against disclosure, but have in each case weighed [the] claim to privacy against the need for disclosure." Id. at 362 (citation omitted). Thus, as a general matter of federal litigation, "trade secrets have widely been held to be discoverable upon appropriate findings and with an appropriate protective order." MDK, Inc. v. Mike's Train House, Inc., 27 F.3d 116, 120 (4th Cir. 1994).

From a procedural standpoint, the district court acted in accordance with this general proposition in resolving the discovery issue. Goodyear does not take issue with the proposition itself. Instead, as noted, Goodyear contends that the proposition is inapplicable because South Carolina law, rather than federal law, applies.

Because this is a diversity case, we are obliged to apply state substantive law and federal procedural law. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996). The issue presented involves both a matter of pretrial discovery and evidence. Ordinarily, "the Federal Rules of Civil Procedure and Federal Rules of Evidence govern the disputes concerning discovery and the admission of evidence." Bradshaw v. FFE Transp. Servs., Inc., 715 F.3d 1104, 1107 (8th Cir. 2013).

Because the district court applied federal law to resolve the parties' discovery dispute, the preceding statement appears

7

at first blush to be dispositive. The twist, however, arises from Goodyear's contentions that South Carolina recognizes an evidentiary privilege for trade secrets and the standard for disclosure of such information is more stringent than the federal standard. Goodyear's argument implicates Rule 501 of the Federal Rules of Evidence, which provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Under this rule, when, as here, "the substantive decision . . . is governed by state law, the state law also determines the privilege of a witness." Seidman v. Fishburne-Hudgins Educ. Found., Inc., 724 F.2d 413, 415 n.1 (4th Cir. 1984).

This brings us to the heart of the matter: does South Carolina recognize such a privilege? The parties vigorously dispute this point. Compare Brief of Appellee, at 11 ("South Carolina's Trade Secrets Act does not include creation of a trade secrets privilege.") with Reply Brief of Appellants, at 1-2 ("Rule 501 . . . requires application of South Carolina's trade secrets privilege to Hartsock's effort to compel production of Defendants' Trade Secrets"). If Goodyear is correct that South Carolina recognizes an evidentiary privilege for trade secrets, then South Carolina law governs the determination of whether Mr. Hartsock has met his burden to

require Goodyear to produce the trade secrets. Conversely, if Mr. Hartsock is correct, then federal law applies.

The Supreme Court of South Carolina has stated that "privileged matter in South Carolina is matter that is not intended to be introduced into evidence and/or testified to in Court." S.C. State Hwy. Dept. v. Booker, 195 S.E.2d 615, 620 (S.C. 1973). The court has also recognized that not every matter intended to be "confidential" is necessarily "privileged." See S.C. St. Bd. of Med. Examiners v. Hedgepath, 480 S.E.2d 724, 726 (S.C. 1997); see generally Communist Party of the U.S. v. Subversive Activities Control Bd., 254 F.2d 314, 321 (D.C. Cir. 1958) ("Almost any communication . . . may be confidential. . . . But privileged means that the contents are of such character that the law as a matter of public policy protects them against disclosure.").

We have not found any South Carolina authority that appears to definitively answer the question. Indeed, different provisions of South Carolina law tend to point to different answers. For example, Rule 30(j)(3) of the South Carolina Rules of Civil Procedure defines the term "privilege" for deposition purposes as including "trade secret protection." That definition supports Goodyear's argument, but Mr. Hartsock can draw support for his argument from Ex parte Capital U-Drive-It, Inc., 630 S.E.2d 464, 469 (S.C. 2006), in which the court stated: "Public

9

access to court records may be restricted in certain situations, such as matters involving juveniles, legitimate trade secrets, or information covered by a recognized privilege." The disjunctive nature of this statement suggests that trade secrets are not covered by a "recognized privilege."

Of course, we are aware of the SCTSA and the state supreme court's interpretation of the act in Laffitte. Unquestionably, the SCTSA reflects the state legislature's intent to provide trade secrets a significant level of protection. However, whether that protection amounts to an evidentiary privilege is not clear from either the SCTSA or Laffitte. On one hand, the Laffitte standard for handling civil discovery of trade secrets seems akin to the qualified evidentiary privilege for trade secrets that generally applies in federal courts. On the other hand, in explaining the three-part balancing test it adopted for determining whether trade secret information is subject to a discovery protective order, the Laffitte court observed that "in jurisdictions where trade secrets are protected by a codified evidentiary privilege, the courts apply a similar balancing test." 674 S.E.2d at 162 n.11. This observation could reasonably be read to mean that unlike those other jurisdictions, South

10

Carolina does not have a codified evidentiary privilege for trade secrets.[4]

In light of the foregoing, we believe that the issue of whether South Carolina recognizes an evidentiary privilege for trade secrets is both unresolved by any definitive state law and sufficiently debatable to warrant certification of the question to the Supreme Court of South Carolina.

IV

One final point needs to be made. As noted, the parties disagree whether the South Carolina and federal standards for disclosure of trade secrets actually differ. Given its decision to certify the issue for appeal, the district court appears to agree with Goodyear that the South Carolina standard is more stringent than the federal standard; otherwise, its decision to certify the question for interlocutory appeal seems pointless. At least one other district judge in South Carolina has viewed the standards in this manner. See Griego v. Ford Motor Co., 19 F.Supp.2d 531, 532-33 (D.S.C. 1998) (noting that the SCTSA provides "heightened protection for trade secrets" and "appears to establish a more stringent standard for the production of trade secrets" than the federal standard).

---

[4] The observation does leave open, however, the possibility that the court itself was creating or recognizing an evidentiary privilege for trade secrets.

11

To the extent it is relevant, several of the organizations that filed amicus briefs in this appeal appear to agree as well. For example, the South Carolina Association for Justice – arguing in Mr. Hartsock's favor – states: "The Supreme Court of South Carolina has held the South Carolina General Assembly's amendment to the [SCTSA] provides a different test governing disclosure. The issue currently before the Court . . . is whether the [federal standard] should be discarded in favor of a more restrictive test that results in unfairness to consumers." Brief of South Carolina Association for Justice, at i. Similarly, the Rubber Manufacturers Association – arguing in Goodyear's favor – contends that in South Carolina "there is a heightened burden for discovery of trade secrets." Brief of Rubber Manufacturers Association, at 15.[5] There is also academic commentary viewing the South Carolina standard as being more stringent. See Ranee Saunders, If I Told You Then I'd Have To Kill You: The Standard For Discovery of Trade Secrets in South Carolina, 61 S.C. L. Rev. 717, 726 (2010) (noting that the test expounded by the Laffitte court "presents some slight, but distinct, differences from the balancing test applied in other

---

[5] One amicus organization does not share Goodyear's view. See Brief of The Safety Institute (supporting Mr. Hartsock), at 24 ("TSI agrees with Hartsock that Federal Rule of Civil Procedure 26 is the applicable standard and that the [SCTSA] is compatible with, not contrary to, the federal standard.").

jurisdictions" that "increase the burden on South Carolina litigants requesting discovery of a trade secret").

Because this appeal is primarily focused on the applicability of state or federal law rather than the purported difference between the two bodies of law, and because the district court appears to view the state standard as being more stringent, we have accepted that view for purposes of this order. In this posture, if we conclude that South Carolina law applies, then we will vacate the discovery order and remand for further proceedings in the district court, which is best-situated to supervise discovery. See Ardrey v. UPS, 798 F.2d 679, 682 (4th Cir. 1986) (explaining that the district court "has wide latitude in controlling discovery" and that we will not overturn its decisions "absent a showing of clear abuse of discretion"). Of course, if the state supreme court agrees to answer the certified question, then our decision will be dictated by the court's answer.

V

Based on the foregoing, we respectfully request that the Supreme Court of South Carolina accept and answer the foregoing certified question, thereby providing the parties, the courts,

13

future litigants, and the public with definitive guidance regarding trade secrets in South Carolina.[6]

We direct the Clerk of Court to forward a copy of this order under official seal to the Supreme Court of South Carolina.

QUESTION CERTIFIED

---

[6] See Brief of Rubber Manufacturers Association, at vi (explaining that the question "is of great importance to trade secret protections in general, and to tire manufacturers in particular, whose competitive products are used in South Carolina and throughout the nation"); Brief of The Safety Institute, at 3 (noting that "this case appears to involve a relatively straightforward analysis of which standard is applicable to trade secret disclosure in a products liability case based on diversity jurisdiction," but it "also presents a quandary from a public policy perspective").